BOWERSOX, SUPERINTENDENT, POTOSI CORREC-
TIONAL CENTER *v.* WILLIAMS

No. A–828.   Decided April 9, 1996

PER CURIAM.

Doyle J. Williams is scheduled to be executed by the State
of Missouri on April 10, 1996.   On January 11, 1996, a Fed-
eral District Court denied Williams' third federal habeas
corpus petition, finding all of Williams' claims to be abusive,
successive, or procedurally defaulted.   On March 8, 1996, the
United States Court of Appeals for the Eighth Circuit en-
tered a summary order staying Williams' execution.   The
Court of Appeals scheduled oral argument for May 13, 1996,
and resolved that the stay would remain in effect pending
submission of the case and that court's further order.   The
summary order gives no explanation for the Court of Ap-
peals' conclusion that oral argument is necessary or that
entry of a stay was appropriate.   The Court of Appeals

denied a petition for rehearing en banc, and we now have before us an application to vacate the stay.

"A stay of execution pending disposition of a second or successive federal habeas petition should be granted only when there are 'substantial grounds upon which relief might be granted.'" *Delo* v. *Stokes,* 495 U. S. 320, 321 (1990) *(per curiam)* (quoting *Barefoot* v. *Estelle,* 463 U. S. 880, 895 (1983)). Entry of a stay on a second or third habeas petition is a drastic measure, and we have held that it is "'particularly egregious'" to enter a stay absent substantial grounds for relief. *Delo* v. *Blair,* 509 U. S. 823 (1993) (citation omitted). On the record before us, we can discern no such grounds. We are persuaded by the report prepared by Magistrate Judge Hays, which meticulously addresses each of Williams' claims and finds each to be abusive, successive, procedurally defaulted, or meritless, and by the District Court's order adopting that report, in which the District Court also denied Williams' dilatory motion to amend the habeas petition. The Court of Appeals abused its discretion by entering a stay on this record.

To the extent the Court of Appeals discerned substantial grounds for relief, it failed to reveal them in its summary order granting the stay. Although we hesitate to say that a court of appeals must, in every case, explain the basis for its entry of a stay, we see fit to remind the lower courts that entry of a stay without explanation is disfavored. Cf. *Netherland* v. *Tuggle,* 515 U. S. 951 (1995) *(per curiam).* When a court of appeals fails to articulate its reasons for granting a stay, we lose the benefit of that court's views and must resort to other portions of the record in evaluating whether to vacate the stay. In this case, the District Court's careful treatment of Williams' claims and the surface implausibility of those claims persuade us that the stay should not have been granted, and the Court of Appeals' summary order does not convince us otherwise.

Accordingly, the application to vacate the stay of execution is granted.

<em>It is so ordered.</em>

JUSTICE GINSBURG, with whom JUSTICE STEVENS, JUSTICE SOUTER, and JUSTICE BREYER join, dissenting.

I would deny the application to vacate the stay of Williams' execution. A diligent appellate court has granted a certificate of probable cause and scheduled this case for argument on May 13. Those actions signal to me the existence of reasons, not the absence of reasons, for granting a stay. At the very least, before acting irretrievably, this Court might have invited prompt clarification of the Court of Appeals' order. Appreciation of our own fallibility, and respect for the judgment of an appellate tribunal closer to the scene than we are, as I see it, demand as much.