SEPTEMBER 12, 2001

No. 01A236. BAGLEY, WARDEN *v.* BYRD. Application to vacate stay of execution of sentence of death entered by the United States Court of Appeals for the Sixth Circuit, presented to JUSTICE STEVENS, and by him referred to the Court, denied.

CHIEF JUSTICE REHNQUIST, with whom JUSTICE SCALIA and JUSTICE THOMAS join, dissenting.

John W. Byrd, Jr., was scheduled to be executed by the State of Ohio today, September 12, at 10 a.m. (e.d.t.). Byrd was convicted and sentenced to death in 1983 for the murder of Monte

Tewksbury. Byrd's conviction and sentence were upheld on direct appeal, and we denied certiorari. *Byrd* v. *Ohio,* 484 U. S. 1037 (1988). In 1988, Byrd filed a petition for state postconviction relief. The Ohio courts denied the petition. In 1994, Byrd filed a petition for writ of habeas corpus in federal court. The District Court and Court of Appeals for the Sixth Circuit dismissed the petition, and we again denied certiorari. *Byrd* v. *Collins,* 531 U. S. 1082 (2001). Byrd filed another petition for state postconviction relief on April 9, 2001. The trial court and Ohio Court of Appeals dismissed the petition, and the Ohio Supreme Court denied review. *State* v. *Byrd,* No. 01-1515, Aug. 29, 2001. Byrd then sought permission to file a second federal habeas petition. The Court of Appeals denied Byrd's request on September 10, but stayed the execution until September 18, 2001. On September 11, the Court of Appeals issued an order stating that a member of the court had requested that the en banc court determine whether to vacate the stay issued the day before. The order stated that less than a majority of the court voted in favor of vacating the stay, and "a majority of the active judges have voted to extend the stay of execution until October 8, 2001." No. 01–3927 (CA6, Sept. 11, 2001). The State has filed in this Court an application to vacate the stay granted by the Court of Appeals.

The Court of Appeals has stayed the execution of John Byrd without any explanation of a constitutional defect that would warrant the issuance of a stay by a federal court. The only opinion it has written convincingly concludes that there is no basis for a stay. The only reason the Court of Appeals has provided for granting the stay is to give "a panel member . . . additional time to consider the matter." In extending the stay until October 8, 2001, the court provided no additional justification. Byrd surmises that the Court of Appeals extended the stay to October 8 "in order to consider John Byrd's Petition for Rehearing En Banc." Response to State's Application Seeking Lifting of Stay 4. But the Court of Appeals' order does not offer this as a reason for granting the stay; the order only adds that "the clerk of the court is directed to file and submit to the court any petition offered by a party seeking en banc review of the decision of the panel." In any event, en banc consideration would not warrant granting a stay until October 8. As Judge

Batchelder points out in her opinion, under the Antiterrorism and Effective Death Penalty Act of 1996, the panel's decision denying Byrd's successive habeas application is not "permitted to be the subject of a petition for rehearing." No. 01–3927 (CA6, Sept. 10, 2001), p. 26 (citing 28 U. S. C. § 2244(b)(3)(E) (1994 ed., Supp. V)). And even if Byrd could seek en banc review, the Court of Appeals would be able to rule on the petition well before October 8. Indeed, the Court of Appeals issued the stay on September 10, and by the very next day the court had considered and rejected a judge's request for en banc reconsideration of the stay order. That leaves the rationale that a panel member needed "additional time to consider the matter." Of course, however, the panel has already issued its opinion. Seeing no justification for the stay, I would grant the State's application to vacate the stay. See *Bowersox* v. *Williams*, 517 U. S. 345 (1996) *(per curiam)* ("[I]t is 'particularly egregious' to enter a stay absent substantial grounds for relief" (citing *Delo* v. *Blair*, 509 U. S. 823 (1993) *(per curiam)*).