RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0267P (6th Cir.)
File Name: 03a0267p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

RICHARD WADE COOEY II,
  *Petitioner-Appellee,*

  *v.*                              No. 03-4001

MARGARET BRADSHAW,
Warden,
  *Respondent-Appellant.*

Filed: July 31, 2003

Before: MARTIN, Chief Circuit Judge; BOGGS,
DAUGHTREY, MOORE, COLE, CLAY, GILMAN,
GIBBONS, and ROGERS, Circuit Judges.[*]

_____

### SECOND AMENDED ORDER

_____

This matter is presently before the court upon petitioner's request for initial hearing *en banc* of the respondent's motion

---

[*] Judges Batchelder, Sutton, and Cook recused themselves from participation in this decision.

to vacate the stay of execution which was granted by the district court on July 23, 2003.

The petition for initial en banc hearing has been presented to the nonrecused active judges of the court, a majority of whom have voted in favor of en banc review. Furthermore, a majority of the nonrecused active judges of the court have voted to deny the state's motion to vacate the stay of execution. The stay of execution granted by the district court remains undisturbed. IT IS SO ORDERED.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____
                Clerk

---

### CONCURRENCE

---

CLAY, Circuit Judge, concurring. Approximately thirteen hours before Petitioner's execution, the district court issued a stay. Respondent appealed. On July 24, 2003, we granted Petitioner's motion to hear Respondent's appeal initially as an en banc Court. Judge Boggs published a brief dissent from this Court's decision. I wish to emphasize two points about Judge Boggs' dissent.

First, Judge Boggs purports to accept the reasoning in an unpublished (and unissued) panel decision authored by Judge Suhrheinrich. Judge Boggs appends Judge Suhrheinrich's decision to his dissent. After losing below, Respondent appealed to a three judge panel of this Court consisting of Judges Suhrheinrich, Siler, and Gilman. Although Judge Suhrheinrich, joined by Judge Siler, circulated a proposed draft opinion at 3:06 p.m. on July 24, 2003, this Court accepted Petitioner's request for initial en banc review at 4:00 p.m. that same day. The granting of initial en banc review eliminated the panel's jurisdiction over this matter. The three judge panel had not filed Judge Suhrheinrich's proposed draft opinion when the en banc Court assumed jurisdiction. Had the panel already filed an opinion, the decision to hear the case en banc would have automatically vacated the panel's opinion. Judge Surheinrich did not attempt to file the panel's opinion until 9:17 a.m. on July 25, 2003, well after he lost jurisdiction over the case and the concomitant right to file opinions.

I have no quarrel with Judge Boggs' decision to support Judge Suhrheinrich's views and I recognize that Judge Boggs may endorse whatever reasoning he chooses. I also believe, however, that by neglecting to mention that this Court, acting en banc, deprived the panel of jurisdiction, Judge Boggs creates a misleading impression about the precedential value

of an opinion Judge Suhrheinrich filed without jurisdiction. Decisions issued *ultra vires* have no legal meaning. Although not evident from Judge Boggs's dissent, Judge Boggs has choosen to endorse an opinion that the panel had no authority to issue.

Second, as Judge Boggs notes, our decision to deprive the panel of jurisdiction by agreeing to hear the matter initially as an en banc Court had the effect of not placing Judges Suhrheinrich and Siler on the en banc court that will ultimately decide *Cooey v. Bradshaw*. Despite the dissent's unhappiness with this development, absolutely nothing procedurally irregular occurred. Although I cannot speak for my colleagues, I felt compelled to support initial en banc because of the urgency this case involved. Respondent scheduled Petitioner's execution for 10:00 a.m. on July 24, 2003, but the death warrant remained in effect that entire day. Had the panel issued a decision vacating the district court's stay in the afternoon of July 24, 2003, Petitioner would have become *immediately* eligible for execution, meaning the en banc Court may not have had the opportunity to review this case.

Judges Suhrheinrich and Siler have taken senior status. Pursuant to 28 U.S.C. § 46(c), which governs the composition of en banc courts, a court of appeals sitting en banc "shall consist of all circuit judges in regular active service . . . except that any senior circuit judge of the circuit shall be eligible to participate . . . as a member of an in banc court reviewing a decision of a panel of which such judge was a member." *See also* Sixth Circuit I.O.P. 35(a) (incorporating 28 U.S.C. § 46(c)). Thus, because the three judge panel never reached a decision prior to the en banc Court granting initial en banc review, Judges Siler and Surhrienrich are statutorily ineligible to participate in the en banc review of the district court's order staying Petitioner's execution. This is not to suggest that Judges Siler and Suhrheinrich, who sat as panelists in an earlier appeal involving Petitioner, would not have much to contribute as members of the en banc Court. *See Cooey v.*

*Coyle*, 289 F.3d (6th Cir. 2002). If, however, Judge Boggs dislikes the requirements of 28 U.S.C. § 46, he should address his complaint to Congress.

_____

**DISSENT**

_____

BOGGS, Circuit Judge, dissenting from order granting initial hearing en banc and denying the motion to vacate stay.

I believe the court's action in this case is wrong on several counts.

By adopting the motion for hearing en banc, based on our court's interpretation of Fed. R. App. P. 35(a), the court pretermits the ability of the panel to deal with the motion that was before it in the first instance, and for which a majority of the panel had prepared a draft opinion for imminent filing. The reasoning of that draft opinion expresses my views on the merits of the district court's action. I endorse the attached reasoning as a full statement of my reasons for opposing the hearing en banc and favoring vacating the stay granted by the district court.

In addition, by entertaining a motion for *hearing* en banc, as opposed to allowing the panel to issue an order and then considering a *rehearing* of that order, this action pretermits the ability of the two senior judges on the panel to participate in the en banc court that considered the motion to vacate the stay. As those judges have been intimately familiar with this case from its inception, that change represents a significant loss of wisdom in the making of this decision.

Furthermore this may well portend a general tactic of circumventing panels of this court in death penalty cases by the filing of motions for initial hearing en banc. Such motions have the effect of preventing the participation of senior judges on a death penalty panel, who may be by far the most knowledgeable judges on the given issues. They also may give rise to an unseemly "race to judgment" if a rapid

vote on the en banc motion overlaps with the filing of a panel ruling.

As the reasoning attached makes clear, we are again allowing a litigant to procure a stay of execution without filing a petition for a writ of habeas corpus or any other document that might appropriately support such a motion. *Cf. In re John W. Byrd*, 269 F.3d 578, 582 (6th Cir. 2001) (Boggs, J., dissenting).

I therefore respectfully dissent from the ordering of a hearing en banc of the motion to vacate the district court's stay of execution, and from the action of the en banc court in refusing to vacate the stay.

## Attachment to Dissent of Judge Boggs

Margaret Bradshaw, Warden ("Warden"), appeals from a July 23, 2003 order by the district court granting Petitioner Richard Wade Cooey's motion for a stay of execution pending this Court's *en banc* rehearing of *Abdur'Rahman v. Bell*, Case Nos. 02-6547/6548 (6th Cir. Mar. 5, 2003), "or until the Sixth Circuit has construed its June 10, 2003 letters to Cooey's former federal appellate habeas counsel." *Memorandum of Opinion and Order* dated July 23, 2003, at 19 ("*District Court Order*"). For the reasons that follow, we [should] **VACATE** the district court's order of stay and reinstate Cooey's date of execution.

### I. BACKGROUND

Cooey was convicted and sentenced to death in 1986 for the rapes and murders of Wendy Offredo and Dawn McCreery. The Ohio Court of Appeals upheld Cooey's conviction and sentence, *see State v. Cooey*, 1987 WL 31921 (Dec. 23, 1987), as did the Ohio Supreme Court. *See State v. Cooey*, 544 N.E.2d 895 (Ohio 1989). The United States Supreme Court denied certiorari on April 1, 1991. *See Cooey v.Ohio*, 499 U.S. 954 (1991). His requests for state post-conviction relief were also denied. *See, e.g.*, *State v. Cooey*, 1994 WL 201009 (Ohio App. May 25, 1994).

Cooey first sought federal habeas relief in October 1996. On September 4, 1997, the district court denied the writ. *See Cooey v. Anderson*, 988 F. Supp. 1066 (N.D. Ohio 1997). The district court also issued a certificate of probable cause for appeal. Cooey filed a notice of appeal. On October 12, 2000, we ruled that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applied to this case, and that the district court's issuance of a certificate of probable cause under the pre-AEDPA version of 28 U.S.C. § 2253(c) was ineffective. We treated Cooey's brief as an application for a certificate of appealability, and further directed Cooey to show cause why we should not deny the application for a

certificate. We attached to our show cause order an appendix summarizing our tentative view as to each issue. The parties filed briefs in response to our show cause order, and the matter was argued on January 30, 2002.

We ultimately granted a certificate of appealability on two issues. *See Cooey v. Coyle*, 289 F.3d 882 (6th Cir. 2002). But after thorough review of the record, we held that Cooey had received a fair trial and was not entitled to habeas relief.

On June 10, 2003, six weeks before his scheduled July 24 execution, we removed Cooey's habeas counsel from his case and directed the Ohio Public Defender's Office to appoint new counsel for any further proceedings. In dismissing Cooey's two former attorneys, we directed the clerk's office to send the following letters. The letter to the first attorney stated:

> [The Court has] asked the Ohio Public Defender's Office to be prepared to locate new counsel for Mr. Cooey in the event he wishes to initiate any new federal filings between now and his scheduled execution date of July 24, 2003. . . . [You] will not receive any new appointments on appeal or extensions of appointments under the Criminal Justice Act in capital cases. This reflects the court's dissatisfaction with both the quality of the appellate briefs and the oral argument in *Cooey v. Coyle* and the amount of attorney's fees which were paid . . . for Mr. Cooey's representation.

The letter to the second attorney stated:

> [This] court will not appoint or extend any trial appointments to [counsel] in [any future] capital cases. This reflects the court's dissatisfaction with both the quality of the appellate briefs and the oral argument in *Cooey v. Coyle* and the amount of the attorney's fees which were paid to [counsel] and [co-counsel] for Mr. Cooey's representation. . . . [T]he Ohio Public

> Defender's Office [is] to find a substitute [attorney] for you in this appeal and to be prepared, if necessary, to arrange for new counsel for Mr. Cooey in the event he wishes to initiate any new federal filings between now and [his scheduled execution date of July 24.]

On July 17, 2003, Cooey, proceeding *pro se*, filed a motion in the district court, pursuant to 21 U.S.C. § 848(q)(4)(B), for new counsel to represent and aid him in the preparation, filing, and prosecution of a motion pursuant to Fed. R. Civ. P. 60(b), and a petition for writ of habeas corpus under 28 U.S.C. § 2254. That same day, the district court appointed the Federal Public Defender's Office to represent Cooey and investigate whether he had any viable federal claims to present. However, on July 18, 2003, the Federal Public Defender requested permission to withdraw. On July 21, 2003, the district court granted that motion and appointed current counsel from the Ohio Public Defender's office "for the purpose of advising [Cooey] whether he has any further federal remedies and if so, to file the appropriate pleadings." The district court's order further indicated that "[t]he Court is not issuing a stay of execution, which is set for July 24, 2003."

On July 22, 2003, Cooey, through current counsel, filed in the district court a motion for relief pursuant to Fed. R. Civ. P. 60(b), and a motion for stay of his scheduled July 24 execution pending the court's review of his Rule 60(b) motion. Under Rule 60(b), Cooey sought to reopen his habeas corpus proceedings based on the alleged incompetence of his dismissed habeas corpus counsel. Cooey argued that our June 10 letters to his former counsel displayed our belief that his former counsel was incompetent, and therefore ineffective. Cooey sought a stay in order to allow his new counsel further time to review his case to determine if Cooey's ineffective assistance of counsel claims were viable.

The State filed its response on July 23, 2003. That night, at 9:12 p.m., the district court granted Cooey's motion to stay

his execution, but declined to rule on Cooey's underlying Rule 60(b) motion. The district court expressed concern whether it properly held jurisdiction to address Cooey's Rule 60(b) motion because our current law on the issue is unclear. We have held that a Rule 60(b) motion is the "practical equivalent" of a subsequent habeas petition, which a district court holds no jurisdiction to entertain. *See McQueen v. Scroggy*, 99 F.3d 1302, 1335 (6th Cir. 1996). However, this issue is currently slated for *en banc* review in *Abdur'Rahman*. Against this backdrop, the district court granted the stay because it had only "48 hours to grapple with this unprecedented situation," and did not have "sufficient time to flesh out the principles underlying [its] decision." The court held that our June 10 letters to Cooey's former counsel may have raised some question whether Cooey had received effective counsel, and therefore "it would be unseemly for Cooey to be executed" without proper time to evaluate and determine whether, in light of our admonishment of previous counsel, Cooey had received the fair review to which he is statutorily entitled. Therefore, the district court did not rule on the 60(b) motion, but left it to this Court to construe the significance of our June 10 letters in order to ascertain whether the performance of Cooey's prior appellate habeas counsel had in fact "cast a cloud over the integrity of the habeas process" such that his Rule 60(b) motion should be granted.

The Warden has appealed the district court's order. The Warden contends, first, that the district court was without jurisdiction to enter a stay of execution because a stay of execution cannot be issued in response to a Rule 60(b) motion since such a motion is not a habeas proceeding; second, that if we were to address Cooey's Rule 60(b) claim on its merits, that Cooey has failed to describe any substantial claim under which relief can be granted; and finally, that Cooey's appellate habeas counsel did not undermine the integrity of this Court's proceedings.

## II. ANALYSIS

### A. Jurisdiction

28 U.S.C. § 2251 permits a federal judge "before whom a habeas corpus proceeding is pending" to stay a state court proceeding. *See* 28 U.S.C. § 2251. In this case, there is no habeas corpus petition pending before the district court, but only a Rule 60(b) motion. Cooey's prior habeas petition was denied by the district court and we affirmed that decision. Indeed, Cooey does not, and cannot, maintain that his present action before the district court is a second habeas petition. He cannot make that assertion, because if his motion were a second habeas petition, it would be subject to the strictures set forth in 28 U.S.C. § 2244(b)(3), and the district court would lack jurisdiction to entertain it. Moreover, the district court expressly found that Cooey's motion was *not* a habeas petition under § 2254. *Memorandum*, p. 15. And given this finding, the district court essentially deprived itself of jurisdiction to grant a stay under § 2251. Without express authorization by federal statute or an exception to the Anti-Injunction Act, the district court was without jurisdiction to grant the stay of execution here. *See* 28 U.S.C. § 2283; *Mitchum v. Foster*, 407 U.S. 225, 226 (1972). Because there is no proper proceeding before the district court that would have allowed it to enter the stay of execution, that order must be vacated. *See Calderone v. Thompson*, 523 U.S. 538 (1998) (holding that the court of appeals abused its discretion in *sua sponte* recalling its mandate); *Bowersox v. Williams*, 517 U.S. 345, 346 (1996) (per curiam) (vacating the stay of execution; holding that the court of appeals abused its discretion in entering a stay of execution pending disposition of a successive petition in light of, *inter alia*, the "surface implausibility" of the petitioner's claims); *Delo v. Blair*, 509 U.S. 823 (1993) (per curiam) (vacating the stay of execution; noting that there was "no conceivable need for the court of appeals to engage in further study of the petitioner's claims"); *Gomez v. United States Dist. Ct.*, 503 U.S. 653, 654 (1992) (per curiam) (vacating the stay); *West v. Bell*, 242 F.3d 338

(6th Cir. 2001) (vacating the district court's grant of a stay of execution; holding that there was no proper proceeding before the district court upon which to premise the stay).

### B. Rule 60(b)

Assuming that the district court had any jurisdiction to enter a stay, we find it nonetheless to be an abuse of discretion because Cooey failed to establish an underlying viable claim for relief under Rule 60(b). Cooey never indicates on which clause of Rule 60(b)[1] he relies, although his argument that habeas counsel's conduct affected the "integrity of the proceedings" most closely resembles the "savings clause" of Rule 60(b), *see* Fed. R. Civ. P. 60(b) ("This rule does not limit the power of the court to entertain an independent action . . . for fraud upon the court."). The district court *sua sponte* relies upon the "independent action" ground as articulated in *United States v. Beggerly*, 524 U.S. 38, 46 (1998) (articulating standard as "[i]ndependent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from the rigid adherence to the doctrine of *res judicata*"(internal quotation marks omitted)). In *Barrett v. Secretary of Health & Human Servs.*, 840 F.2d 1259, 1263 (6th Cir. 1987), we set forth the elements of such a cause of action under Rule 60(b)):

---

[1]Fed. R. Civ. P. 60(b) provides for relief from judgment on various grounds, including:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated as intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of judgment. . . . This rule does not limit the power of a court to entertain an independent action . . . for fraud upon the court").

(1) a judgment which ought not, in equity or good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

Cooey cites to our docket entries of June 10, 2003, and to our comments in our merits opinion and appendix thereto criticizing former habeas counsel, as constituting a "fraud on the court." Moreover, the the district court expressly requested that we clarify our intent in chastising counsel. Suffice it to say that our displeasure with counsel's performance was based on appellate habeas counsel's overt strategy to litigate every conceivable claim, despite the utter baselessness of many of them. It was *not* based on any conclusion, upon our exhaustive review of the record in this case[2], that counsel failed to recognize and raise any meritorious claims. In other words, our dissatisfaction stemmed from the waste of judicial and financial resources, *not* from concern over "errors left hidden behind bad representation." *See Cooey's Motion for a Stay*, at 4. Restated again, habeas appellate counsel's overzealousness may have unnecessarily burdened the Court, but it did not affect the integrity of Cooey's initial habeas proceedings or otherwise prevent us from understanding the case and reaching the right result.

In sum, we explicitly reject Cooey's implicit argument that former counsel's overzealousness in raising frivolous claims supports the assumption that counsel overlooked meritorious

---

[2]It should be recalled that we examined the entire record in this case three times; first, when we expressed our tentative view of Cooey's application for a certificate of appealability; second, when we ruled definitively on the request for a COA; and third, when we denied habeas relief on the merits.

claims. Absent an actual showing of the latter (and Cooey has made no such attempt), it cannot be said that the integrity of the judicial proceedings have been compromised and that justice has not been served such that a Rule 60(b) motion, on any basis should be granted. Cooey's attempt to transmogrify our criticism of former habeas counsel's excessive and wasteful strategy into a fraud upon the court must be rejected.

Moreover, the specific claims which Cooey asserts require Rule 60(b) relief have already been addressed on the merits and clearly understood by this Court. Therefore, Cooey is not entitled to relief under any of the enumerated sections of Rule 60(b). Cooey's true claim is that those issues were not argued well, and what he really wants is an opportunity to readdress those claims. This is not a permissible basis for a Rule 60(b) motion, however. *See Jinks v. AlliedSignal*, 250 F.3d 381, 385 (6th Cir. 2001) (stating that a "Rule 60(b) [motion] does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof"). Counsel also glosses over the fact that what is at issue is former *appellate* habeas counsel's behavior in this Court during the initial appeal, and not any misbehavior by the trial habeas counsel in the district court. Rule 60(b) relief is inappropriate for this reason as well.

### C. Successive Petition

Thus, Cooey's claim that counsel's alleged incompetence affected the integrity of the initial habeas proceedings is simply an ineffective assistance of appellate habeas counsel claim. To be sure, we need only look to what Cooey wants here–time to allow new counsel to go back through the record to see if there are any issues that should have been raised but were not. Failing to raise meritorious claims is the very definition of ineffective assistance of counsel. Because premised on "incompetence" or "ineffectiveness," Cooey's Rule 60(b) motion is a "proceeding arising under section

2254," and not cognizable. Section 2254(i) flatly precludes such a claim:

> The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.

28 U.S.C. § 2254(i). *See also Coleman v. Thompson*, 501 U.S. 722, 755 (1991) (holding that there is not constitutional right to counsel in state collateral proceedings). Thus, under the plain language of the AEDPA, there is no jurisdiction for any court to hear the merits of Cooey's claim. Cooey's Rule 60(b) motion is in reality an application for permission to file a second habeas petition, subject to 28 U.S.C. § 2244(b)(3), and to say otherwise makes a mockery of the AEDPA.[3]

Cooey also does not attempt to show how any new claims unearthed by new counsel could somehow satisfy the requirements of § 2244(b)(2).[4] That is, to survive dismissal, Cooey would have to demonstrate that any new claim relies on a new rule of constitutional law made retroactive to cases on collateral review; or based on a factual predicate that could

---

[3] The district court lacked jurisdiction to enter the stay absent our express authorization under § 2244(b)(3)(A). *See Kutzner v. Cockrell*, 303 F.3d 333, 338 (5th Cir. 2002); *Martinez v. Texas Court of Criminal Appeals*, 292 F.3d 417, 423 (5th Cir.), *cert. denied*, 122 S. Ct. 1992 (2002); *Spivey v. State Bd. of Pardons & Paroles*, 279 F.3d 1301, 1303-04 (11th Cir. 2002) (per curiam); *cf. In re Parker*, 49 F.3d 204, 213 (6th Cir. 1995) (holding that the district court's order appointing counsel under 21 U.S.C. § 848(q)(4)(B) did not give it jurisdiction over the action sufficient to allow it to enter a stay of execution pursuant to 28 U.S.C. § 2251; pre-AEDPA). As the Fifth Circuit stated in *Kutzner*, "[a]llowance of a stay of execution under these circumstances would signal tacit approval of endless stays for the preparation of endless successive petitions." *Kutzner*, 303 F.3d at 338.

[4] Of course any claim presented in the prior application is subject to dismissal. 28 U.S.C. § 2244(b)(1).

not have reasonably been discovered previously, and if proven, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. *See* 28 U.S.C. § 2244(b)(2). Cooey also makes no attempt to address the requirements of § 2244(b)(1) or (2), Indeed, we note that Cooey does not even attempt to argue that his claims otherwise survive § 2244(b)(1) or (2).

We have exhaustively reviewed the entire record in this case several times. Based on that review, we cannot say that meritorious claims were missed. Nor can it be said that Cooey is actually innocent of the crimes for which he was convicted. Having said this, we do not see how it can be said that the integrity of the habeas process was in any way compromised and that justice was not served. Thus, to grant a stay of execution under these circumstances would not only run afoul of the AEDPA, but interfere with the State of Ohio's legislative and judicial sovereignty.

### III.  CONCLUSION

Given our conclusion that no relief is available under Rule 60(b) or § 2244(b), the district court's grant of the stay was improper.