**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 1, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN ALBERT BOLTZ,

      Plaintiff - Appellee,

v.

(1) JUSTIN JONES, in his capacity as
Director of the Oklahoma Department
of Corrections; (2) MARTY
SIRMONS, in his capacity as Warden,
Oklahoma State Penitentiary;
(3) ERNEST GODLOVE, (4) DAVID
HENNEKE, (5) TED LOGAN, (6) W.
MARK LUTTRULL, (7) ROBERT L.
RAINEY, (8) ERNEST D. WARE, and
(9) BEVERLY YOUNG, in their
capacities as members of the
Oklahoma Board of Corrections, and
(10)-(60) DOES 1-50, UNKNOWN
EXECUTIONERS, in their capacities
as Employees and/or Agents of the
Oklahoma Department of Corrections,

      Defendants - Appellants.

No.  06-6184
(D.C. No. CIV-06-587-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally
disfavors the citation of orders and judgments; nevertheless, an order and
judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The matter of John Albert Boltz's impending execution by lethal injection is once again before the court, this time for appellate review of a district court order granting Boltz's motion for a temporary restraining order (TRO) staying his execution in conjunction with an action he filed this week under 42 U.S.C. § 1983 challenging the pharmaceutical means by which the execution will be accomplished. Though the order is denominated a TRO rather than an injunction, we have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). *See Duvall v. Keating*, 162 F.3d 1058, 1062 (10th Cir. 1998).

We review the district court's order under an abuse of discretion standard. *See Bowersox v. Williams*, 517 U.S. 345, 346 (1996); *Hauser ex rel. Crawford v. Moore*, 223 F.3d 1316, 1321 (11th Cir. 2000). We vacate the stay of execution for reasons previously expressed in relevant portions of our order of May 26, 2006, in Boltz v. Sirmons, Appeal No. 06-6174, denying Boltz's initial effort to stay his execution in conjunction with a dispute over whether appointed counsel would be compensated under 18 U.S.C. § 3599 (formerly 21 U.S.C. § 848(q)) for assistance he might provide in a § 1983 action. Specifically, in light of (a) the unlikelihood of success on the merits of the underlying action, both as to the use of § 1983 to raise a constitutional challenge to the lethal injection procedure and as to the constitutional challenge itself, (b) the State's interest in the timely effectuation of its final criminal judgments, (c) the public's interest in the orderly

administration of its criminal justice system free from belated efforts to derail it, and (d) Boltz's unnecessary delay in bringing this challenge, we conclude that a stay of his execution is clearly inappropriate.

The district court's ruling on the motion to stay execution is REVERSED and its temporary restraining order is VACATED. An active member of the court called for a poll pursuant to Fed. R. App. P. 35, and en banc review was granted. A majority of the en banc court joins in the panel's disposition of this appeal. Because Judges Lucero and Hartz would hold that the district court did not abuse its discretion they would affirm the district court's order. We advise the parties that the court will not reconsider a decision with respect to en banc review. *See* 10th Cir. R. 35.1(C). The mandate shall issue forthwith.

Entered for the Court

Per Curiam