**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 25, 2006**

**TENTH CIRCUIT**

ERIC ALLEN PATTON,

      Plaintiff-Appellant,

v.

JUSTIN JONES, in his capacity as
Director, Oklahoma Department of
Corrections; MARTY SIRMONS,
Warden, Oklahoma State Penitentiary;
JOHN DOE, Unknown Executioners in
their capacities as Employees and/or
Agents of the Oklahoma Department
of Corrections,

      Defendants-Appellees.

No. 06-6258

(D.C. No. CIV-06-591-F)

(W. D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

Plaintiff Eric Allen Patton, an Oklahoma state prisoner convicted of capital

murder, is currently scheduled to be executed by lethal injection on August 29,

2006. Patton filed suit against prison officials under 42 U.S.C. § 1983 arguing

---

[*]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

that the lethal injection protocol utilized by the State violates the Eighth Amendment's Cruel and Unusual Punishment Clause. In connection with his suit, Patton asked the district court to enjoin defendants from carrying out his execution using the challenged protocol. The district court denied Patton's motion. Patton now appeals from that ruling. Patton has also filed a motion for stay of execution with this court. Exercising jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), we affirm the district court's ruling and deny Patton's motion for stay of execution.

## I.

In November 1996, Patton was convicted in the District Court of Oklahoma County, Oklahoma, of the first degree malice murder of Charlene Kauer. Patton was subsequently sentenced, in accordance with the jury's recommendation, to death for that conviction. The Oklahoma Court of Criminal Appeals (OCCA) affirmed Patton's murder conviction and death sentence on direct appeal, Patton v. State, 973 P.2d 270 (Okla. Crim. App. 1998), cert denied, 528 U.S. 939 (1999), and subsequently denied Patton's application for post-conviction relief. Patton v. State, 989 P.2d 983 (Okla. Crim. App. 1999).

In August of 2000, Patton initiated federal habeas corpus proceedings by filing a 28 U.S.C. § 2254 petition in the United States District Court for the Western District of Oklahoma. The district court denied Patton's petition on April 10, 2003. We affirmed the denial of federal habeas relief on September 21,

2

2005, Patton v. Mullin, 425 F.3d 788 (10th Cir. 2005), and the Supreme Court denied Patton's petition for writ of certiorari on May 30, 2006. Patton v. Sirmons, 126 S.Ct. 2327 (2006). On July 10, 2006, the OCCA, acting upon the request of the State of Oklahoma, set Patton's execution date for August 29, 2006.

In late February 2006, while his petition for writ of certiorari from his federal habeas action was still pending with the Supreme Court, Patton initiated an administrative grievance proceeding with the defendant prison officials alleging that Oklahoma's lethal injection protocol created a significant and unnecessary risk that an inmate would consciously suffer excruciating pain. After exhausting his administrative remedies, Patton initiated this 42 U.S.C. § 1983 civil action on May 31, 2006. In his complaint, Patton alleged that the lethal injection protocol utilized by defendants, although purportedly designed "to induce death only after a condemned prisoner has been rendered unconscious and unable to experience pain," actually violates the Eighth Amendment by creating an unnecessary risk of "conscious suffering and pain during execution . . . ." ROA, Doc. 4 at 1. More specifically, the complaint alleges, in pertinent part, that the protocol (a) "fails to employ properly trained persons to carry out what is, in effect, the surgical induction of anesthesia," (b) "arbitrarily and unnecessarily uses drugs and drug dosages that create significant risks that condemned prisoners will suffer completely unnecessary pain during execution," and (c) "delivers drugs through two . . . IV lines, impairing control over the timing and sequence of

3

drug delivery and increasing the risk of drug administration failure." Id.

On July 28, 2006, Patton filed a motion asking the district court to "enter a preliminary injunction precluding the Defendants from proceeding with [his scheduled] execution . . . on August 29, 2006." Id., Doc. 17 at 22. The district court conducted an evidentiary hearing on Patton's motion on August 8, 2006. At the conclusion of the hearing, the district court denied the motion. Patton has since filed a notice of appeal from the district court's order of denial.

On August 25, 2006, we granted Patton's request for expedited oral argument by conducting oral argument by telephone with Patton's counsel and counsel for defendants.

II.

We review for abuse of discretion a district court's order denying a motion for stay of execution of a state prisoner. Bowersox v. Williams, 517 U.S. 345, 346 (1996). Applying that standard to Patton's appeal, we conclude, for the reasons outlined below, that the district court did not abuse its discretion in denying Patton's motion to preliminarily enjoin his scheduled execution.

In its recent decision in Hill v. McDonough, 126 S.Ct. 2096 (2006), the Supreme Court emphasized that filing a § 1983 action challenging the constitutionality of certain aspects of a state's execution protocol by no means "entitle[s] the complainant to an order staying [his] execution as a matter of course." 126 S.Ct. at 2104. That is because "[b]oth the State and the victims of

4

[the] crime have an important interest in the timely enforcement of [the] sentence." Id. Thus, an inmate intending to assert such a challenge generally must file his or her suit in sufficient time to "allow consideration of the merits without requiring entry of a stay" of execution. Hill, 126 S.Ct. at 2104 (quoting Nelson v. Campbell, 541 U.S. 637, 650 (2004)).

Here, the district court concluded that Patton failed to abide by this general rule:

> This plaintiff has delayed – unnecessarily delayed his quest for injunctive relief from this Court. It was well-established at least two years ago [in Nelson] that he delayed at his peril. There was no legal impediment to his proceeding while his collateral review was pending and I do find that he has not shown any sufficient reason for delaying until March of 2006 the administrative procedure which serves as a predicate for his application now for judicial relief.

ROA, Vol. IV at 242-43

Without identifying the precise point at which Patton should have filed his suit, we agree that Patton has failed to act in a timely manner to challenge the constitutionality of Oklahoma's lethal injection protocol. Patton was initially sentenced to death in late 1996, and his unsuccessful attempts to challenge that sentence on direct appeal concluded in 1999. According to the record on appeal, Oklahoma's lethal injection protocol has remained essentially constant since that time. Notwithstanding the constancy of the protocol, however, Patton made no effort to challenge its constitutionality, either via prison administrative proceedings or in a legal action filed in federal court, until more than six years

5

after the completion of his direct appeal, nearly two years after the Supreme Court warned in Nelson that "method-of-execution" challenges should be "brought at such a time as to allow consideration of the merits without requiring entry of a stay," 541 U.S. at 650, and approximately five months after we affirmed the district court's denial of his application for federal habeas relief.[1] See Gomez v. United States District Court, 503 U.S. 653, 654 (1992) (criticizing inmate for filing "method-of-execution" challenge pursuant to 42 U.S.C. § 1983 more than a decade after the completion of his direct appeal, and shortly before his scheduled execution); White v. Johnson, 429 F.3d 572, 574 (5th Cir. 2005) (rejecting as dilatory a "method-of-execution" challenge brought pursuant to 42 U.S.C. § 1983 by inmate who had "been on death row for more than six years").

Our conclusion regarding the timeliness of Patton's suit is not affected by the fact that defendants have revised their protocol after Patton filed suit (once immediately prior to the district court's evidentiary hearing, and a second time after Patton filed this appeal). To be sure, the revised protocol remedies some of the flaws alleged by Patton in his complaint by altering the original sequence of injections, which in turn increases the initial dose of anesthetic an inmate receives, and by setting forth a specific period of time (two and one-half minutes)

---

[1] Although Patton has at times alleged that he has been unaware until recently of the precise details of the protocol, his counsel acknowledged during oral argument that she and Patton have known what drugs are used, and the sequence of those drugs, since January of 2004, when those details were described in an affidavit from a Department of Corrections official.

6

that must elapse after injection of the anesthetic and before injection of the paralytic agent. As Patton himself admits in his appellate pleadings, however, the revised protocol "fail[s] to address, much less alleviate, the critical flaws" that he alleged existed in the original protocol, including most notably "the absence of qualified personnel to verify the inmate was actually anesthetized before the lethal drugs were administered." Aplt. Br. at 24. Thus, in pertinent part, his constitutional challenges to the revised protocol are identical to his constitutional challenges to the original protocol.[2]

At bottom, Patton has failed to act in a timely fashion to challenge the constitutionality of Oklahoma's lethal injection protocol. Therefore, we must, as directed by the Supreme Court in Hill and Nelson, apply a strong equitable presumption against staying Patton's scheduled execution.

Armed with that presumption, we have examined the remainder of the record on appeal, giving particular attention to the transcript of the evidentiary

---

[2] We note that Oklahoma adopted lethal injection as its method of execution in 1977. See Okla. Stat. tit. 22, § 1014. The precise protocol for carrying out lethal injections is left to the discretion of the Oklahoma Department of Corrections (ODC). At the time Patton filed this suit, the ODC had most recently revised its protocol as of May 2, 2005 (more than one year prior to Patton filing his suit). The exhibits submitted by Patton during the district court's evidentiary hearing, however, indicate that the protocol used by the ODC has remained largely the same since at least early 1998. The only changes in the protocol since that time appear to have been (a) changes in the precise type of paralytic drug used (the ODC switched from using tubocurarine to succnylcholine in early 2002, and from succnylcholine to vecuronium in early 2003), and (b) the sequencing and timing changes recently implemented in the revised protocol.

7

hearing and the exhibits admitted during that hearing. The district court found, and Patton does not dispute, that under the revised protocol "an EMT or person with similar qualifications and experience in IV insertion" is responsible for, and is capable of, determining that venous access has been successfully accomplished, and that the dosage of anesthetic (thiopental) an inmate now receives (2,400 milligrams) is "extremely likely . . . to achieve a deep plane of anesthesia in a 230-pound individual," such as Patton. ROA, Vol. IV at 235. To be sure, the expert witnesses presented by Patton at the evidentiary hearing raised several concerns about the failure of the revised execution protocol to require properly trained personnel to be present during executions (to assess anesthetic depth prior to the injection of the drugs that cause paralysis and cardiac arrest and death, and to remedy any unforeseen problems that may occur), and to specify more precise timing of the injections so as to reduce the likelihood of an inmate being conscious during the latter stages of the procedure. The defendants, however, have allayed this latter concern by revising the protocol during the pendency of this appeal to require the personnel carrying out an execution to wait two and one-half minutes after the injection of the anesthetic before proceeding to inject the remaining two drugs called for in the protocol.[3] See ROA, Vol. IV at 232

_____

[3] This information was provided to the court during oral argument by Robert Whittaker, Assistant Attorney General for the State of Oklahoma. Mr. Whittaker further advised the court that, upon the request of Mr. Patton, the defendants would be willing to increase the wait time from two and one-half to

(continued...)

8

(district court's finding that "two and a half minutes from the onset of injection [of the anesthetic] is optimal" to achieve the appropriate plane of anesthesia). In light of the district court's findings and the defendants' recent revision to the protocol, we conclude that Patton has failed to establish a "significant possibility of success on the merits" of his Eighth Amendment claims. Hill, 126 S.Ct. at 2104. In reaching this conclusion, we agree with the district court that the critical question in this case "is not what is optimally desirable," as, for example, in a surgical setting, but rather "what is minimally required" to avoid a violation of the Eighth Amendment. ROA, Vol. 4 at 239; see generally Gregg v. Georgia, 428 U.S. 153, 173 (1976) (holding that punishments are cruel when they "involve the unnecessary and wanton infliction of pain"); In re Kemmler, 136 U.S. 436, 447 (1890) (holding that "[p]unishments are cruel when they involve torture or a lingering death"). Thus, we conclude there is nothing in the record sufficient to overcome the presumption created by Patton's late filing of his § 1983 action.

Patton's request for expedited oral argument is GRANTED. Patton's motion for stay of execution is DENIED. The order of the district court denying Patton's motion to preliminarily enjoin his scheduled execution is AFFIRMED. Patton shall have until 9 a.m., Mountain Standard Time, on Monday, August 28, 2006, in which to file a petition for rehearing en banc.

---

[3](...continued)
three minutes.

9

06-6258, <u>Patton v. Jones, et al.</u>

**HENRY, J.,** concurring.

I fully join this order and judgment which concludes that the district court did not abuse its discretion in denying this injunction. I note only that introduction into the protocol of an anesthesiologist, nurse anesthetist, or other adequately trained medical personnel, though not constitutionally required under our current precedent and present knowledge of science, merits thoughtful consideration by the state.