RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 21a0081p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

BRISTOL REGIONAL WOMEN'S CENTER, P.C.; MEMPHIS CENTER FOR REPRODUCTIVE HEALTH, on behalf of itself and its patients, KNOXVILLE CENTER FOR REPRODUCTIVE HEALTH; PLANNED PARENTHOOD OF TENNESSEE AND NORTH MISSISSIPPI, formerly known as Planned Parenthood of Middle and East Tennessee, and DR. KIMBERLY LOONEY,

*Plaintiffs-Appellees*,

*v.*

HERBERT H. SLATERY, III, Attorney General of Tennessee, GLENN R. FUNK, District Attorney General of Nashville, Tennessee, AMY P. WEIRICH, District Attorney General of Shelby County, Tennessee; BARRY P. STAUBUS, District Attorney General of Sullivan County, Tennessee, CHARME P. ALLEN, LISA PIERCEY, Commissioner of the Tennessee Department of Health, and W. REEVES JOHNSON, JR., M.D., President of the Tennessee Board of Medical Examiners, in their official capacities,

*Defendants-Appellants*.

No. 20-6267

———————

On Petition for Initial Hearing En Banc.

United States District Court for the Middle District of Tennessee at Nashville;
No. 3:15-cv-00705—Bernard A. Friedman, District Judge.

Decided and Filed: April 9, 2021

Before: COLE, Chief Judge; MOORE, CLAY, GIBBONS, SUTTON, GRIFFIN, KETHLEDGE, WHITE, STRANCH, DONALD, THAPAR, BUSH, LARSEN, NALBANDIAN, READLER, and MURPHY, Circuit Judges.

————————————

## COUNSEL

**ON PETITION AND REPLY:** Sarah K. Campbell, Mark Alexander Carver, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Appellants. **ON RESPONSE:** Autumn Katz, Michelle Moriarty, Rabia Muqaddam, CENTER FOR REPRODUCTIVE RIGHTS, New York, New York, Maithreyi Ratakonda, PLANNED PARENTHOOD FEDERATION OF AMERICA, New York, New York, Scott Tift, BARRETT JOHNSTON MARTIN & GARRISON, LLC, Nashville, Tennessee, Michael J. Dell, Jason M. Moff, KRAMER LEVIN NAFTALIS & FRANKEL LLP, New York, New York for Appellees. **ON BRIEF:** Matthew F. Kuhn, OFFICE OF THE ATTORNEY GENERAL, Frankfort, Kentucky, Elizabeth B. Murrill, OFFICE OF THE ATTORNEY GENERAL, Baton Rouge, Louisiana, for Amici Curiae.

The En Banc Court of the Sixth Circuit Court of Appeals issued an order. MOORE, J. (pp. 3–6), delivered a separate opinion dissenting from the grant of the petition for initial hearing en banc, in which COLE, C.J., and CLAY, WHITE, STRANCH, and DONALD, JJ., joined.

————————————

## ORDER

————————————

The court having received a petition for initial hearing en banc, and the petition having been circulated to all active judges of this court, and a majority of judges of this court having favored the suggestion,

It is ORDERED that the petition be, and hereby is, GRANTED.

———————————

**DISSENT**

———————————

KAREN NELSON MOORE, Circuit Judge, dissenting from the grant of initial hearing en banc. Should the merits of this case be heard by a three-judge panel? In virtually every other case that comes before this court, the answer to that simple question is "yes." That answer comes from statutory imperative (28 U.S.C. § 46 designates a three-judge panel as the default for federal appellate review), the Federal Rules of Appellate Procedure (Rule 35 provides that hearing a case en banc is "not favored and ordinarily will not be ordered"), and our own Sixth Circuit Internal Operating Procedures (which affirm the "extraordinary nature" of en banc review, *see* 6th Cir. I.O.P. 35(a)). It also comes from common sense. "Panel decisions refine, narrow, and focus issues before the court." *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 211 F.3d 853, 854 (4th Cir. 2000) (Wilkinson, C.J., concurring in the denial of initial hearing en banc). Even with a panel decision to work from, hearing a case en banc is "a rarely satisfying, often unproductive, always inefficient process." *Mitts v. Bagley*, 626 F.3d 366, 370 (6th Cir. 2010) (Sutton, J., concurring in the denial of rehearing en banc). Without an earlier panel decision, that is even more likely to be the case. Yet a majority of the Sixth Circuit judges in regular active service have voted to hear *this* case initially en banc. Because that decision lacks a principled basis and tarnishes this court's reputation for impartiality and independence, I dissent.

This case concerns abortion. Specifically, it concerns the constitutionality of a Tennessee abortion law that sets a 48-hour waiting period before a woman can obtain an abortion. After the district court held Tennessee's waiting-period law unconstitutional and permanently enjoined its enforcement, the officials defending the law appealed. Appellants sought a stay pending appeal. A three-judge panel denied that request, with Judge White and myself concluding that Appellants were unlikely to succeed on the merits of their appeal. Judge Thapar disagreed. So vehemently did he disagree that he called for "immediate correction" of the stay order, urging Appellants to seek initial hearing en banc. Appellants readily obliged, filing a petition for initial hearing en banc. By granting that petition, a majority of this court has sent a dubious message about its

willingness to invoke that extraordinary—and extraordinarily disfavored—procedure in ideologically charged cases.

In recognition of the myriad virtues of our three-judge panel system, Federal Rule of Appellate Procedure 35(a) sets forth two narrow circumstances that may justify initial hearing en banc: "(1) en banc consideration is *necessary* to secure or maintain uniformity of the court's decisions; or (2) the proceeding involves a question of *exceptional* importance." (emphasis added). Appellants invoked both bases in their petition for initial hearing en banc, but neither applies.

First, Appellants contend that initial hearing en banc is necessary to ensure conformity with *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992), *Cincinnati Women's Services, Inc. v. Taft*, 468 F.3d 361 (6th Cir. 2006), and *EMW Women's Surgical Center, P.S.C. v. Friedlander*, 978 F.3d 418 (6th Cir. 2020). Doubtless, there is disagreement within this circuit about the ultimate outcome of a proper application of those cases—two concerning superficially similar waiting-period laws and the third the applicable constitutional standard for analyzing abortion restrictions. But that hardly renders initial hearing en banc "necessary," Fed. R. App. P. 35(a)(1), when *rehearing* en banc would remain available after the panel had issued a ruling on the merits—a ruling that would "refine, narrow, and focus [the] issues before the court," *Belk*, 211 F.3d at 854 (Wilkinson, C.J., concurring in the denial of initial hearing en banc).

Second, Appellants contend that "this case presents a question of exceptional importance: whether a three-judge panel may functionally overrule Supreme Court and Circuit precedent." Pet. at 1; *see* Fed. R. App. P. 35 (a)(2). Suffice it to say, I take issue with Appellants' alarmist framing. This case presents the question of the constitutionality of a single state's abortion waiting-period law. It is no more or less "exceptional" than other abortion laws that have proceeded through this court upon consideration of the merits by a three-judge panel before being considered for en banc review. *See, e.g.*, *Preterm-Cleveland v. Himes*, 940 F.3d 318 (6th Cir.), *reh'g en banc granted, opinion vacated*, 944 F.3d 630 (6th Cir. 2019) (judgment pending). Indeed, this case does not involve an imminent, irreversible event, such as an impending election or execution, which has—still on rare occasion—served as an exceptional justification for

skipping over a three-judge panel in favor of initial hearing en banc. *See, e.g.*, *Ohio Republican Party v. Brunner*, 544 F.3d 711, 715 (6th Cir.) (en banc), *vacated*, 555 U.S. 5 (2008); *Cooey v. Bradshaw*, 338 F.3d 615, 616 (6th Cir. 2003) (en banc) (order).

No, this case is being heard initially en banc because a majority has predicted—based on a preliminary stay order that required the panel to determine the *likelihood* of success but nothing more—that the panel would reach a conclusion on the merits of the case that a majority of the en banc court disagrees with. That prediction is a dangerous one. "We have long urged that the public resist a predetermined view of the judicial function—the notion that certain judges invariably resolve certain cases in certain ways. If we wish the public to resist this view of us, we must surely first resist this view of ourselves." *Belk*, 211 F.3d at 855 (Wilkinson, C.J., concurring in the denial of initial hearing en banc). The grant of initial hearing en banc in this case damages the reputation of this court, and the majority that has now granted initial hearing en banc is no less implicated by that damage than anyone else. Indeed, the inescapable suggestion of Appellants' petition for initial hearing en banc is that there are judges on this court who will always side with Appellants on the issue of abortion and will upend standard practice to do so. Today we could have sent a message affirming this court's impartiality and independence. The majority declined.

In the not-so-distant past we resisted the urge to wield this court's en banc authority so indiscriminately, even when rejecting a petition for rehearing en banc would leave what some believed to be an incorrect decision in place absent a rare grant of certiorari by the Supreme Court. Why? Because "[t]he trust implicit in delegating authority to three-judge panels to resolve cases as they see them would not mean much if the delegation lasted only as long as they resolved the cases correctly as others see them." *Issa v. Bradshaw*, 910 F.3d 872, 877–78 (6th Cir. 2018) (Sutton, J., concurring in the denial of rehearing en banc). That logic holds even stronger when faced with a petition for *initial* hearing en banc, which could be rejected with the confidence that any perceived exceptional error in the panel's eventual resolution of the case on the merits could be cured through rehearing en banc. Alas, it seems to me that we have moved on to sorrier times.

Ultimately, what appears to be "exceptional," Fed. R. App. P. 35(a)(2), about this case is that it fell to the wrong panel. Encouraged by a member of this court in the decision on the stay motion, Appellants have unabashedly sought to avoid panel review of the merits in a case involving a controversial issue because they dislike its panel's composition and the panel's resolution of the stay motion. In endorsing this game of procedural hopscotch, a majority of the en banc court has embarked on an unsettling course. Our standard practice is for a panel to issue a fully considered opinion on the merits of a case before we consider whether en banc review may be appropriate. There is no principled basis for departing from that practice here. Accordingly, I dissent from the grant of initial hearing en banc.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk