[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10486
Non-Argument Calendar
_____

D.C. Docket No. 1:14-mc-20119-JEM


JUAN CARLOS CHAVEZ,

Plaintiff-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 10, 2014)

Before CARNES, Chief Judge, WILSON and MARTIN, Circuit Judges.

CARNES, Chief Judge:

Juan Carlos Chavez, a Florida inmate scheduled to be executed on February

12, 2014, appeals the district court's denial of his pro se request for the

appointment of counsel.  Through attorney Robert Norgard, who was appointed to represent Chavez during his initial federal habeas proceedings and has continued to represent him in both state and federal court, Chavez also seeks a stay of execution pending disposition of his appeal[1] and the appointment of Norgard as appellate counsel.

## I.

Chavez was convicted and sentenced to death in November 1998 for the kidnapping, sexual battery, and first-degree murder of a nine-year-old child.  See Chavez v. State, 832 So. 2d 730, 736–47 (Fla. 2002).  His convictions and sentence were affirmed on direct appeal by the Florida Supreme Court on November 21, 2002, see id. at 767, and the United States Supreme Court denied his petition for a writ of certiorari on June 23, 2003, see Chavez v. Florida, 539 U.S. 947, 123 S.Ct. 2617 (2003).

On May 23, 2003, exactly one month before the Supreme Court denied certiorari in his direct appeal, attorney John Lipinski was appointed to represent Chavez in his state post-conviction proceedings.  Lipinski did not, however, file a state post-conviction motion on Chavez's behalf until July 19, 2004, which prevented that motion from tolling the one-year limitations period for seeking

---

[1] Chavez's application for a stay of execution specifically requests that "this Court stay [his] execution and allow [his] appeal to be fully and fairly litigated without an imminent execution date looming."

federal habeas relief because the federal deadline had already expired on June 23, 2004.  See 28 U.S.C. § 2244(d)(1)(A), (2).  Even then, the state post-conviction motion filed by Lipinski was not properly sworn.  At Chavez's request, Lipinski was removed as state collateral counsel and replaced with attorney Lee Weissenborn, who filed an amended state post-conviction motion on May 5, 2005.  Weissenborn was later permitted to withdraw and Andrea Norgard was appointed to represent Chavez in the state proceedings.  Andrea Norgard filed a second amended post-conviction motion on Chavez's behalf on October 4, 2006.

During the course of his initial state collateral proceedings, Chavez raised numerous claims of ineffective assistance of trial counsel, including that counsel failed to (1) locate a witness who could provide potentially exculpatory evidence, (2) consult with Chavez in preparation for the penalty phase of the trial, (3) investigate and present evidence that Chavez's waiver of his Miranda[2] rights was involuntary, and (4) present expert mental health testimony in mitigation at sentencing.  See Chavez v. State, 12 So. 3d 199, 204 (Fla. 2009).  After an evidentiary hearing, the state trial court denied Chavez's post-conviction motion on the merits and, with the assistance of Andrea Norgard's law partner and husband,

---

[2] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966).

3

Robert Norgard, Chavez appealed to the Florida Supreme Court.[3]  The state supreme court affirmed the denial of post-conviction relief on June 25, 2009, see id. at 214, and the United States Supreme Court again denied a writ of certiorari on November 2, 2009, see Chavez v. Florida, — U.S. —, 130 S.Ct. 501 (2009).

Chavez, still represented by Norgard, filed a 28 U.S.C. § 2254 federal habeas petition in February 2010.  On March 16, 2010, the district court officially appointed Norgard as federal habeas counsel under 18 U.S.C. § 3599.  The court then dismissed the § 2254 petition as untimely under the one-year statute of limitations for seeking federal habeas relief, see 28 U.S.C. § 2244(d)(1), and, in doing so, rejected Chavez's claim that he was entitled to equitable tolling of the limitations period based on the actions of his first two state-appointed attorneys, Lipinski and Weissenborn.  See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1063–65, 1070–02 (11th Cir. 2011).  We affirmed the dismissal of Chavez's § 2254 petition as time-barred, including the denial of equitable tolling, on July 25, 2011.  See id. at 1073.  Chavez has never claimed that he was entitled to equitable tolling based on the conduct of Andrea or Robert Norgard.

With the aid of federally appointed counsel Norgard, Chavez returned to state court and filed a successive motion for post-conviction relief on April 17, 2012, contending that Florida's capital sentencing scheme violates Ring v.

---

[3] All references to "Norgard" that appear hereafter are to Robert Norgard.  Andrea Norgard will be referred to by her full name.

Arizona, 536 U.S. 584, 122 S.Ct. 2428 (2002).  He also asserted a claim based on Martinez v. Ryan, — U.S. —, 132 S.Ct. 1309 (2012), which had been decided a month earlier, alleging that state post-conviction counsel were ineffective for failing to properly litigate his initial state collateral proceedings.  The state trial court denied the motion.  In affirming that denial, the Florida Supreme Court rejected Chavez's Martinez-based claim on the ground that Martinez did "not provide a new cause of action in state court proceedings" and, in any event, claims of ineffective assistance of collateral counsel are not cognizable in such proceedings.  Chavez v. State, No. SC12-1470, 2013 WL 5629607 (Fla. Oct. 11, 2013).

On January 2, 2013, Florida Governor Rick Scott signed Chavez's death warrant and the execution was set for Wednesday, February 12, 2014, at 6:00 p.m. Chavez, again through Norgard, filed a second successive state motion for post-conviction relief on January 9, 2014, raising an Eighth Amendment challenge to Florida's current lethal injection protocol.  The state trial court denied that motion on January 15, 2014, and the Florida Supreme Court affirmed on January 31, 2014.

In the meantime, on January 10, 2014, Chavez filed a pro se request in the United States District Court for the Southern District of Florida for the appointment of counsel to represent him in federal court.  Despite being continuously represented by Norgard in both federal and state court since his

5

federal habeas proceeding began, Chavez asserted that he was "unrepresented in federal court" and that none of his state collateral attorneys were admitted to practice before the Southern District of Florida, this Court, or the United States Supreme Court. Chavez requested the appointment of "conflict free" counsel to investigate and present potential Martinez claims against his state collateral attorneys — Andrea Norgard, Robert Norgard, Weissenborn, and Lipinski. Interpreting Martinez to stand for the proposition that "criminal defendants in some circumstances can raise claims of inadequate assistance of counsel at initial-review collateral proceedings," Chavez maintained that he was entitled to counsel "to investigate and challenge the efficacy of state collateral counsel."

On January 15, 2014, the district court denied Chavez's request, which it treated as a motion for the appointment of counsel instead of as a motion for the substitution of another appointed attorney for Norgard. The court concluded that Chavez's request for counsel to investigate a possible Martinez claim was based on a "fundamental misunderstanding of the holding in Martinez," which merely crafted a mechanism for excusing the procedural default of claims of ineffective assistance of trial counsel where state collateral counsel failed to properly preserve those claims in state court. See generally Arthur v. Thomas, 739 F.3d 611, 629–31 (11th Cir. 2014) (explaining that the Martinez decision only applies to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel

6

claim that occurred in a state collateral proceeding); Gore v. Crews, 720 F.3d 811, 816 (11th Cir. 2013) ("By its own emphatic terms, the Supreme Court's decision in Martinez is limited to claims of ineffective assistance of trial counsel that are otherwise procedurally barred due to the ineffective assistance of post-conviction counsel."). The district court also noted that, "even if Petitioner did have a valid Martinez claim," investigating and presenting any such claim would be futile in light of the applicable statute-of-limitations bar and the general prohibition against filing successive § 2254 petitions. "Even if post-conviction counsel had been ineffective for failing to bring certain ineffective assistance of trial counsel claims . . . in state court," the district court remarked, none of those claims could be heard on the merits because they "would be subject to dismissal for lack of jurisdiction" and "because the statute of limitations for Petitioner's federal habeas had already expired." See Arthur, 739 F.3d at 630 (holding that the Martinez decision has no application to the operation or tolling of the § 2244(d) statute of limitations).

On February 3, 2014, which was more than two weeks after the order denying his motion for counsel and only nine days before his scheduled execution, Chavez appealed that order. Three days later, Norgard filed in connection with the appeal a motion for a stay of execution pending disposition of the appeal and a motion for this Court to appoint him as Chavez's appellate counsel.

7

II.

An indigent state inmate seeking to challenge his death sentence in federal court is statutorily entitled to the appointment of counsel "in any post conviction proceeding under section 2254." 18 U.S.C. § 3599(a)(2). The Supreme Court has held that the right to the appointment of counsel "includes a right to legal assistance in the preparation of a habeas corpus application" and thus "adheres prior to the filing of a formal, legally sufficient habeas corpus petition." McFarland v. Scott, 512 U.S. 849, 855–56, 114 S.Ct. 2568, 2572 (1994). Once federal habeas counsel has been appointed to represent a state prisoner in a § 2254 proceeding, counsel is required to represent the prisoner "throughout every subsequent stage of available judicial proceedings," including "all available post-conviction process" in state and federal court (such as state clemency proceedings), until he has been "replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant." 18 U.S.C. § 3599(e); see also Harbison v. Bell, 556 U.S. 180, 185–88, 129 S.Ct. 1481, 1486–88 (2009). The Supreme Court has also held, however, that substitution of federally appointed counsel is warranted only when it would serve "the interests of justice." Martel v. Clair, — U.S. —, 132 S.Ct. 1276, 1284 (2012) (quoting 18 U.S.C. § 3006A). Among other things, that means a district court is not "required to appoint a new lawyer just so [a state prisoner can] file a futile motion." Id. at 1289.

8

Although Chavez characterized his motion as a request for the appointment of federal counsel, and the district court treated it that way, Chavez was effectively seeking the substitution of counsel. That's because Norgard had been appointed to represent Chavez in his federal habeas proceedings and, by statute, was required to continue representing Chavez in all later stages of available post-conviction proceedings until his replacement by another attorney. See 18 U.S.C. § 3599(e). Unless and until an order is entered removing Norgard or substituting another counsel for him, he remains counsel for Chavez in this and any future federal habeas proceedings.

When Chavez's request is properly viewed as a motion for the substitution of federally appointed counsel, it is clear that he was not entitled to the appointment of new counsel for the declared purpose of investigating and litigating a Martinez-based claim for relief because that claim would be futile. See Martel, 132 S.Ct. at 1289 ("The court was not required to appoint a new lawyer so Clair could file a futile motion."). It would be futile because Martinez did not, as Chavez seems to suggest, create a freestanding claim for challenging a conviction or sentence based on the alleged ineffective assistance of post-conviction counsel. The Supreme Court has long held that there is no constitutional right to counsel in post-conviction proceedings, even in capital cases, which necessarily means that a habeas petitioner cannot assert a viable, freestanding claim for the denial of the

9

effective assistance of counsel in such proceedings.  See Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 2566 (1991); see also 28 U.S.C. § 2261(e) ("The ineffectiveness or incompetence of counsel during State or Federal post-conviction proceedings in a capital case shall not be a ground for relief in a proceeding arising under section 2254.").

The Supreme Court's decision in Martinez did not alter that longstanding Supreme Court precedent or statute.  Instead, it reiterated them, expressly acknowledging that a habeas petitioner is precluded from "relying on the ineffectiveness of his postconviction attorney as a ground for relief."  Martinez, 132 S.Ct. at 1320 (quotation marks omitted).  What the Martinez decision did — and the only thing it did — was create a narrow, equitable exception to the general rule that a petitioner cannot rely on the ineffectiveness of collateral counsel to serve as cause for excusing the procedural default of a claim in state court, thereby permitting federal habeas review of the merits of that claim.  Id. at 1315–20.  As the Court put it:  "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."  Id. at 1320.

10

Since Martinez was decided, we have repeatedly underscored its narrow scope. See Arthur, 739 F.3d at 629 (explaining that Martinez "announced a 'narrow exception' to Coleman's procedural default rule in the limited circumstances where a state law 'requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding'" and, among other things, state collateral counsel "was ineffective by not raising ineffective-trial-counsel-claims" in the state proceedings); Gore, 720 F.3d at 816 ("By its own emphatic terms, the Supreme Court's decision in Martinez is limited to claims of ineffective assistance of trial counsel that are otherwise procedurally barred due to the ineffective assistance of post-conviction counsel."). We have emphasized that the equitable rule established in Martinez applies only "to excusing a procedural default of ineffective-trial-counsel claims" and, for that reason, has no application to other matters like the one-year statute of limitations period for filing a § 2254 petition. Arthur, 739 F.3d at 630. So, to the extent that Chavez requested the appointment of new counsel to investigate and present a freestanding Martinez claim for relief based on the ineffective assistance of his state collateral counsel, any such claim would be futile because it does not constitute a valid ground for habeas relief. See 28 U.S.C. § 2261(e); Coleman, 501 U.S. at 752, 111 S.Ct. at 2566.

11

And to the extent Chavez requested new counsel to raise any claim of ineffective assistance of trial counsel that was not properly preserved in state court due to the ineffectiveness of state collateral counsel, substituting counsel for purposes of raising that claim would also be futile. The claim would be both time-barred under § 2244(d) and impermissibly successive under § 2244(b). Chavez's initial § 2254 petition was dismissed as untimely because it was filed more than one year after his convictions became final on direct review, see 28 U.S.C. § 2244(d)(1)(A), and nothing in Martinez alters that fact. While § 2244(d)(1) includes a number of alternate triggering dates for calculating the one-year deadline, the only one even potentially relevant here — "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" — is inapplicable because Martinez did not announce a new rule of constitutional law. See 28 U.S.C. § 2244(d)(1)(C); Arthur, 739 F.3d at 629 ("The Martinez rule is not a constitutional rule but an equitable principle."); see also Buenrostro v. United States, 697 F.3d 1137, 1139 (9th Cir. 2012) (holding that Martinez "did not announce a new rule of constitutional law"). And while the federal limitations period is subject to equitable tolling in certain circumstances, we have rejected the notion that anything in Martinez provides a basis for equitably tolling the filing deadline.

12

Arthur, 739 F.3d at 630–31 ("Because Arthur's § 2254 petition was denied due to his complete failure to timely file that § 2254 petition, the Supreme Court's analysis in Martinez . . . of when and how 'cause' might excuse noncompliance with a state procedural rule is wholly inapplicable here.").

Likewise, a district court has no jurisdiction to consider a claim presented in a second or successive § 2254 petition unless the court of appeals first grants authorization to file such a petition, which it may do only where the claim either "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or on facts that "could not have been discovered previously through the exercise of due diligence" and that are sufficient to show that "no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(A)–(B); see also Williams v. Chatman, 510 F.3d 1290, 1295 (11th Cir. 2007). A claim of ineffective assistance of trial counsel, even one that can be excused from the application of the procedural default doctrine based on the equitable, non-constitutional rule announced in Martinez, does not satisfy either of these criteria. Substitution of counsel, whether characterized as such or as a motion for appointment of new counsel, to investigate and raise new ineffective assistance of counsel claims in a second § 2254 petition would be futile because those claims could not form the basis for relief. See Buenrostro, 697 F.3d at 1139 ("Martinez

13

cannot form the basis for an application for a second or successive motion because it did not announce a new rule of constitutional law.").

Finally, even if Norgard had never been appointed as federal habeas counsel, or had somehow been relieved from that appointment, so that Chavez's motion could accurately be construed as a motion for the appointment of counsel, Chavez would still not be entitled to have counsel appointed to pursue claims that could form the basis for federal habeas relief. While it is true, as Chavez notes, that "a substantive, merits assessment of [an actual or proposed § 2254 petition] is irrelevant to the appointment of counsel" under § 3599, Weeks v. Jones, 100 F.3d 124, 127 (11th Cir. 1996), that does not preclude courts from considering whether a proposed petition would clearly be barred for a reason unrelated to the merits of any substantive claim for relief, such as a statute-of-limitations bar. See In re Hearn, 376 F.3d 447, 455 (5th Cir. 2004) ("[P]otential procedural bars may be so conclusive that the right to counsel under [§ 3599] becomes unavailable."); Cantu-Tzin v. Johnson, 162 F.3d 295, 298 (5th Cir. 1998) ("Appointment of counsel for a capital-convicted defendant would be a futile gesture if the petitioner is time-barred from seeking federal habeas relief."). Because Chavez cannot bring any Martinez-based claims within the one-year statute of limitations for seeking federal habeas relief, and because binding precedent forecloses any argument that Martinez can excuse or equitably toll that limitations period, the appointment of

14

counsel to investigate and pursue such claims would be a wholly futile gesture that renders § 3599's right to federally-funded counsel unavailable. See In re Hearn, 376 F.3d at 455; Cantu-Tzin, 162 F.3d at 298.[4]

For these reasons, we **AFFIRM** the denial of Chavez's request for the appointment of counsel, regardless of whether that request is properly treated as a motion for substitution of counsel. We **DENY AS MOOT** Chavez's application for a stay of execution pending the outcome of this appeal[5] and for the appointment of counsel on appeal.

---

[4] Because a future federal habeas petition would clearly be barred under the one-year statute of limitations period, we need not address whether or when the limits on second or successive § 2254 petitions can warrant denial of a request for appointment of federal habeas counsel. See In re Hearn, 376 F.3d at 454–55 (holding that "courts are not barred from appointing [] counsel to prepare an application for authority to file a successive habeas petition," provided that the prisoner has not "had a sufficient opportunity to investigate the factual bases of his proposed habeas claim" and that claim is colorable).

[5] Even if the motion for a stay of execution were somehow not moot, we would still deny it. A stay is an equitable remedy which requires, among other things, that Chavez show a substantial likelihood of success on the merits of the issue involved in this appeal. See Hill v. McDonough, 547 U.S. 573, 584, 126 S.Ct. 2096, 2104 (2006) (emphasizing that "a stay of execution is an equitable remedy" that it "is not available as a matter of right," and that an inmate seeking a stay of execution must "satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits"). For the reasons discussed in this opinion, Chavez has not done that, and he cannot do that. Nor has he identified in this proceeding a single merits-based claim going to the validity of his convictions, death sentence, or imminent execution that would provide a substantial ground on which to grant federal habeas relief. See Bowersox v. Williams, 517 U.S. 345, 346, 116 S.Ct. 1312, 1312 (1996) ("A stay of execution pending disposition of a second or successive federal habeas petition should be granted only when there are substantial grounds upon which relief might be granted.") (quotation marks omitted).

15

MARTIN, concurring in the judgment:

Mr. Chavez appeals the denial of the District Court's denial of his pro se motion to appoint him conflict-free counsel to represent him in his warrant litigation and to investigate and present claims against his state postconviction counsel pursuant to Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309 (2012). He also seeks a stay of his imminent execution on February 12, 2004 at 6:00 p.m.

The Majority opinion properly analyzes Mr. Chavez's pro se motion as one for substitution of counsel under Martel v. Clair, ___ U.S. ___, 132 S. Ct. 1276 (2012). The U.S. District Court for the Southern District of Florida appointed Robert Norgard on March 16, 2010 to represent Mr. Chavez in his initial federal habeas corpus proceedings, pursuant to 18 U.S.C. § 3006A and § 3599.[1] To my knowledge, Mr. Norgard has never been replaced by order of any federal court. See 18 U.S.C. § 3599(e). Section 3599(e) is instructive on this point:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency

---

[1] The District Court later granted Mr. Norgard's request to make his appointment retroactive, nunc pro tunc to November 3, 2009, the day after the U.S. Supreme Court denied Mr. Chavez's petition for certiorari from the denial of his state postconviction proceedings. See Chavez v. Florida, 558 U.S. 996, 130 S. Ct. 501 (Nov. 2, 2009).

> proceedings and proceedings for executive or other clemency as may be available to the defendant.

Id. Mr. Norgard, therefore, is required by statute to continue representing Mr. Chavez "in all later stages of available post-conviction proceedings," Maj. Op. at 9, as well as "other appropriate motions and procedures . . . as may be available to the defendant." 18 U.S.C. § 3599(e).

I also agree with the Majority that Clair requires us to apply the "interests of justice" standard to motions for substitution of counsel brought by indigent capital defendants who were appointed counsel under § 3599. Clair, 132 S. Ct. at 1281, 1283–87. This is the same standard federal courts apply "in non-capital cases under a related statute, § 3006A of Title 18." Id. at 1281; id. at 1285 ("[U]tilizing § 3006A's standard comports with the myriad ways that § 3599 seeks to promote effective representation for persons threatened with capital punishment."). This being the case, federal courts must be guided by the body of law interpreting and applying the "interests of justice" test when evaluating motions by indigent capital defendants. As the Supreme Court emphasized in Clair, "the 'interests of justice' standard contemplates a peculiarly context-specific inquiry." Id. at 1287.

It is the peculiar "context" of Mr. Chavez's case that leads me to conclude the District Court did not abuse its discretion in denying Mr. Chavez's pro se request for substitution of counsel. Although Clair noted "any attempt to provide a general definition of the [interests of justice] standard would" likely be unhelpful

17

in light of the need for a context-specific inquiry, it did note that one of the relevant factors was "the timeliness of the motion." Id. It is the timing of Mr. Chavez's motion—filed after his death warrant was signed and approximately two and a half years after this Court affirmed the dismissal of his initial § 2254 petition[2]—that is compelling to me.

I am also aware that this Circuit's binding precedent all but forecloses any attempt by Mr. Chavez to reopen his habeas corpus proceedings by filing a Federal Rule of Civil Procedure 60(b) motion based on Martinez. See generally Arthur v. Thomas, 739 F.3d 611, 629–31 (11th Cir. 2014). Finally, in terms of what is not now available to him, it is difficult to see how Mr. Chavez might successfully obtain authorization to file a second or successive § 2254 petition pursuant to 28 U.S.C. § 2244(b)(3), especially given that the Supreme Court's decision in Martinez was an equitable decision that did not announce a new rule of constitutional law. See Martinez, 132 S. Ct. at 1318. It is important that Mr. Chavez has neither requested nor alleged that he needs conflict-free counsel to prove his actual innocence. See 2244(b)(2)(B); McQuiggin v. Perkins, ___ U.S. ___, 133 S. Ct. 1924, 1928 (2013) ("We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment

---

[2] We affirmed the dismissal of Mr. Chavez's initial § 2254 petition for writ of habeas corpus on July 25, 2011. Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057 (11th Cir. 2011), cert. denied sub nom., Chavez v. Tucker, ___ U.S. ___, 132 S. Ct. 1018 (2012).

is a procedural bar . . . or . . . expiration of the statute of limitations."). Thus, I am compelled to agree that under our existing and binding precedent, any attempt by Mr. Chavez to file a Rule 60(b) motion or obtain authorization to file a second or successive § 2254 petition is probably futile.

I am less confident, however, that conflict-free counsel could not meaningfully assist Mr. Chavez in other ways. For example, Mr. Chavez, like all capital habeas petitioners, is free to file an original habeas corpus petition in the United States Supreme Court. See Felker v. Turpin, 518 U.S. 651, 660, 116 S. Ct. 2333, 2338 (1996) (concluding that AEDPA did not repeal the Supreme Court's "authority to entertain original habeas petitions."); see also id. at 661, 116 S. Ct. at 2339 (rejecting suspension of the writ challenge to AEDPA's gatekeeping system in part because the Supreme Court still retained jurisdiction to hear original habeas corpus petitions). We know, for example, that the Supreme Court's original habeas corpus jurisdiction is not restricted by 28 U.S.C. § 2244(b)(3)'s gatekeeping system for filing second or successive habeas applications in the same way applicable to second or successive § 2254 petitions filed in the District Courts. Id. at 662, 116 S. Ct. at 2339 ("Section 2244(b) addresses second or successive habeas petitions. Section 2244(b)(3)'s 'gatekeeping' system for second petitions does not apply to our consideration of habeas petitions because it applies to applications 'filed in the district court.' § 2244(b)(3)(A)."). However, neither Mr.

19

Chavez's pro se motion nor his counseled pleadings has specifically requested conflict-free counsel for the purpose of presenting an original habeas corpus petition to the United States Supreme Court based on an ineffective assistance of trial counsel claim that his initial-review state collateral counsel ineffectively failed to present.

Nor has Mr. Chavez or his counsel specifically requested the assistance of conflict-free counsel to pursue state clemency. Although the Governor of Florida has previously denied Mr. Chavez clemency, I am not aware of any state law which limits his ability to seek further relief by way of clemency or precludes him from seeking clemency on any basis.