[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13447
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cv-00232-RBD-GJK


LUIS ALFREDO LUCIANO, JR.,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 6, 2017)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Luis Luciano, Jr., a Florida prisoner, appeals *pro se* the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  He argues that the Supreme Court's procedural-default exception in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), should be extended to claims of ineffective assistance of appellate counsel; otherwise no court will ever consider his underlying ineffective assistance claim.  We issued a certificate of appealability on the following issue:

> Whether the district court erred in determining that the procedural default of Mr. Luciano's claim of ineffective assistance of appellate counsel was not excused under *Martinez v. Ryan*, [132 S. Ct. 1309 (2012).]

We review *de novo* a district court's legal conclusions in § 2254 proceedings, and its findings of fact for clear error.  *Osborne v. Terry*, 466 F.3d 1298, 1304-05 (11th Cir. 2006).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant habeas relief until the petitioner exhausts state court relief.  28 U.S.C. § 2254(b)(1)(A).  Pursuant to the procedural default doctrine, if a state prisoner defaults his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice.  *Lambrix v. Sec'y, Florida Dep't of Corr.*, 756 F.3d 1246, 1260 (11th Cir. 2014).  Additionally, a claim is procedurally defaulted if the petitioner failed to exhaust his state remedies, and the court to which he would

2

have to present his claims in order to satisfy the exhaustion requirement would find the claims procedurally barred. *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998). As a general matter, the lack of an attorney or attorney error in state post-conviction proceedings does not establish cause to excuse a procedural default. *Lambrix*, 756 F.3d at 1260 (citing *Coleman v. Thompson*, 501 U.S. 722, 757 (1991)).

In *Martinez*, the Supreme Court announced an equitable and non-constitutional exception to *Coleman*'s holding—that ineffective assistance of collateral counsel cannot serve as cause to excuse a procedural default—in these limited circumstances: (1) a state requires a prisoner to raise ineffective-trial-counsel claims at an initial-review collateral proceeding; (2) the prisoner failed to properly raise ineffective-trial-counsel claims in his state initial-review collateral proceeding; (3) the prisoner did not have collateral counsel or his counsel was ineffective; and (4) failing to excuse the prisoner's procedural default would cause the prisoner to lose a substantial ineffective-trial-counsel claim. *Martinez*, 132 S. Ct. at 1318. The Supreme Court noted that the rule in *Coleman* governed in all but these limited circumstances. *Id.* at 1320. The decision did not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a state's appellate courts. *Id.* The Supreme Court noted

3

that its limited qualification in *Martinez* reflected the right to the effective assistance of trial counsel and the prisoner's inability to raise his ineffective-trial-counsel claims on direct appeal. *Id.* Subsequently, the Supreme Court extended *Martinez*'s "narrow exception" to cases where state law technically permits ineffective-trial-counsel claims to be presented on direct appeal but state procedures make it virtually impossible to actually raise the claim on appeal. *Trevino v. Thaler*, 133 S. Ct. 1911, 1918-21 (2013).

We have "repeatedly underscored [*Martinez*'s] narrow scope." *Chavez v. Sec'y, Florida Dep't of Corr.*, 742 F.3d 940, 945 (11th Cir. 2014). In *Arthur v. Thomas*, we held that *Martinez* explicitly relates to excusing a procedural default of ineffective-trial-counsel claims, and does not apply to AEDPA's limitations period or any potential tolling of that period. 739 F.3d 611, 631 (11th Cir. 2014). We stated that any broadening of *Martinez* would ignore the Supreme Court's emphatic statements that *Martinez* creates only a narrow exception to *Coleman*'s general rule. *Id.* We also stated that the narrow exception in *Martinez* is designed to be difficult to meet in order to ensure that state court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. *Id.*

Similarly, in *Chavez*, we emphasized that the equitable rule established in *Martinez* applies only to excusing the procedural default of ineffective-trial-

4

counsel claims.  742 F.3d at 945.  Accordingly, we held that Chavez could not present a freestanding *Martinez* claim for ineffective assistance of his state collateral counsel.  *Id.*  In *Gore v. Crews*, we did not extend *Martinez* to include a claim that state collateral counsel was ineffective for failing to exhaust in state court that the prisoner was mentally incompetent to be executed, because it was not a claim that trial counsel was ineffective, and because the claim was not procedurally barred.  720 F.3d 811, 814-17 (11th Cir. 2013) (affirming the district court's dismissal without prejudice of Gore's § 2254 petition and denying a stay of execution).

We find no error in the district court's determination that *Martinez* does not apply to Luciano's claim of ineffective assistance of appellate counsel.  We have repeatedly underscored *Martinez*'s narrow scope, and emphasized that *Martinez* applies only to excusing a procedural default of ineffective-trial-counsel claims. *Chavez*, 742 F.3d at 945.  Any broadening of *Martinez* to excusing a default of ineffective-appellate-counsel claims would ignore the Supreme Court's emphatic statements that *Martinez* creates only a narrow exception to *Coleman*'s general rule.

**AFFIRMED.**