[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12989
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cv-01127-MHT-TFM


ALVIN JAMES JOHNSON,

Petitioner-Appellant,

versus

WARDEN,
ATTORNEY GENERAL, STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(June 21, 2018)

Before NEWSOM, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Alvin Johnson, a formerly *pro se* Alabama prisoner now proceeding with counsel, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition as time-barred.  We granted a certificate of appealability ("COA") on whether the district court erred in concluding that Johnson was not entitled to equitable tolling.

We review *de novo* the district court's dismissal of a § 2254 petition as untimely.  *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006).  The district court's application of equitable tolling to the facts in a § 2254 proceeding is reviewed *de novo.*   *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 1042 (2018).  We review the district court's determination of the facts relevant to equitable tolling for clear error.   *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011).  We must affirm the factual findings of the district court unless "the record lacks substantial evidence to support them."  *Id.* (quotation marks omitted).  We may affirm the judgment of the district court in a § 2254 case on any ground supported by the record.  *Trotter v. Sec'y, Dep't of Corr.*, 535 F.3d 1286, 1291 (11th Cir. 2008).

Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a § 2254 petition is governed by a one-year statute of limitations that begins to run on the latest of four triggering events, including the date on which the challenged judgment became final "by the conclusion of direct review or the

2

expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

Generally, if a state prisoner appeals to the state's highest court, his conviction

becomes final when the Supreme Court denies certiorari or issues a decision on the

merits, or when the 90-day period in which to file a certiorari petition expires.  *See*

*Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004).  *Pro se*

litigants "are deemed to know of the one-year statute of limitations" governing  §

2254 petitions.  *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007).

Statutory tolling allows state prisoners to toll the limitations period while

properly filed state post-conviction actions are pending.  28 U.S.C. § 2244(d)(2).

We have recognized that a petition for post-conviction relief filed pursuant to Ala.

R. Crim. P. 32, as well as appeals filed in state court from the denial of a Rule 32

petition, toll § 2244's statute of limitations.  *See Guenther v. Holt*, 173 F.3d 1328,

1331 (11th Cir. 1999).  "The time that an application for state postconviction

review is pending includes the period between (1) a lower court's adverse

determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the

filing of the notice of appeal is timely under state law."  *Evans v. Chavis*, 546 U.S.

189, 191 (2006) (quotation marks omitted).  Thus, when an order denying a state

post-conviction petition is not timely appealed, AEDPA's statute of limitations

begins to run on the date that the state petition was initially denied.  *See id.* at 192.

3

Under Alabama law, a prisoner has 42 days to file a notice of appeal of the denial of his Rule 32 petition. *See* Ala. R. App. P. 4(b)(1). The 42-day period begins to run on the date of the trial court's denial of the prisoner's petition. *Barfield v. State*, 703 So. 2d 1011, 1012 (Ala. Crim. App. 1997). A motion to alter or vacate a judgment does not toll the time for filing a notice of appeal from the denial of a Rule 32 petition. *Loggins v. State*, 910 So. 2d 146, 149 (Ala. Crim. App. 2005). Alabama has adopted the prison mailbox rule, which presumes that a *pro se* prisoner files his Rule 32 petition when he delivers the petition to prison authorities for mailing. *Holland v. State*, 621 So. 2d 373, 375 (Ala. Crim. App. 1993).

Equitable tolling allows a state prisoner to toll AEDPA's statute of limitations based on "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The prisoner must show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks omitted). Equitable tolling is "an extraordinary remedy" that "is typically applied sparingly." *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006) (quotation marks omitted). The focus of the "extraordinary circumstances" inquiry "is on the circumstances surrounding the late filing of the habeas petition . . . and

4

whether the conduct of others prevented the petitioner from timely filing." *Id.* at 1253 (quotation marks omitted). There must also be a causal connection between the extraordinary circumstances and the late filing of the petition. *San Martin*, 633 F.3d at 1267-68. A prisoner bears the burden of proving that he is entitled to equitable tolling. *Id.* at 1268.

Equitable tolling may be warranted when a government official affirmatively misleads a prisoner. *Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007). In *Spottsville*, we held that a state prisoner was entitled to equitable tolling when a state appellate court told him to file his certificate of probable cause with the wrong court and the state prisoner followed the state court's instructions "to the letter." *Id.* at 1243-46. And in *Knight v. Schofield*, we held that a state prisoner was entitled to equitable tolling when he had received assurance from a clerk at a state court that he would be notified when the court ruled on his post-conviction motion, the court failed to inform him when it denied his motion, and the limitations period lapsed while he was waiting. 292 F.3d 709, 710-11 (11th Cir. 2002).

The Supreme Court has held that, even assuming that the prisoner has satisfied the extraordinary-circumstances prong, his failure to advance "his claims within a reasonable time of their availability" will defeat the diligence prong where advancing the claims in state post-conviction proceedings within a reasonable

5

period would have eliminated the timeliness problem in federal court. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005). Specifically in *Pace*, the prisoner failed to assert his claims more than a year after they became available to him and waited five months after his state proceedings had ended before seeking relief in federal court. *See id.*

The Supreme Court held in *Martinez v. Ryan* that the ineffective assistance of counsel in state post-conviction proceedings could serve as cause to excuse the procedural default of an ineffective-assistance-of-trial-counsel claim that was not properly exhausted in state court. *See* 566 U.S. 1, 18 (2012). We have consistently rejected the argument, however, that *Martinez* provides a basis for equitable tolling of the statute of limitations. *See Chavez v. Sec'y Dep't of Corr.*, 742 F.3d 940, 946 (11th Cir. 2014). We have also rejected the argument that we should broaden the equitable reasoning behind *Martinez* because it would ignore the Supreme Court's statement that *Martinez* created only a narrow exception to the procedural default doctrine. *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014).

Here, the district court did not err in determining that Johnson was not entitled to equitable tolling. Johnson did present evidence that he attempted to diligently pursue his rights by filing a timely notice of appeal, as he attached a certificate of service and a purported prison mailbox log that showed that he

6

attempted to properly and timely serve the clerk of the trial court with his notice of appeal of the denial of his Rule 32 petition, and an unspecified "clerk's record" that purported to show that Johnson filed two notices of appeal. *See San Martin*, 633 F.3d at 1268. And, if Johnson is correct and his state appeal had been properly filed, he would have been entitled to the additional statutory tolling while his appeal was pending and his § 2254 petition would have been timely, which would demonstrate the causal connection between the state's error and his untimeliness. *See Chavis*, 546 U.S. at 191-92; *Holt*, 173 F.3d at 1331; *San Martin*, 633 F.3d at 1267-68.

However, this evidence does not demonstrate the extraordinary circumstances required for equitable tolling due to a government official's purported error. *See Spottsville*, 476 F.3d at 1245; *Holland*, 560 U.S. at 649. The evidence was not irrefutable proof that Johnson timely filed his notice of appeal and thus does not render clearly erroneous the district court's determination that he did not show extraordinary circumstances. *See San Martin*, 633 F.3d at 1265. Notably, Johnson failed to raise this alleged error before the state appellate court during his Rule 32 proceedings, casting doubt on his version of events. The clerk of the trial court also stated that it *did not* have his notice of appeal and the appellate court stated that it *did*, further indicating that Johnson's own mistake caused his appeal to be untimely. Unlike the prisoners in *Knight* and *Spottsville*,

7

who clearly demonstrated that the courts' mistakes had caused them to file their § 2254 petitions out of time, Johnson did not clearly show that the state court misplaced his notice of appeal and caused him to lose statutory tolling, as there was evidence indicating that the mistake was his own fault. *See Spottsville*, 476 F.3d at 1243-46; *Knight*, 292 F.3d at 710-11; *see also San Martin*, 633 F.3d at 1268.

Furthermore, Johnson did not demonstrate that he exercised reasonable diligence in pursing his rights once the state's alleged error was pointed out to him. *See San Martin*, 633 F.3d at 1267. Johnson waited until June 11, 2014, to remedy the issue with his notice of appeal, despite being informed of it on May 30. Johnson also failed to pursue available avenues to correct this problem during the state proceedings, as he did not request an out-of-time appeal once he was informed that the trial court did not have his notice of appeal after the 42 days had expired, and he did not file a protective § 2254 petition with the district court when it became clear that the time for filing a notice of appeal had expired and his federal rights could be prejudiced. *See San Martin*, 633 F.3d at 1267; *see also Outler*, 485 F.3d at 1282 n.4.

Moreover, even if Johnson had diligently pursued his rights *during* his Rule 32 proceedings, he provides no explanation as to why he waited 264 days after his conviction was final to file his Rule 32 petition in the first place. *See Nix*, 393 F.3d

8

at 1236-37; *see also Trotter*, 535 F.3d at 1291.  Further, and separately, Johnson still had four days to file a timely § 2254 petition even following the final resolution of his Rule 32 proceedings.  *See Chavis*, 546 U.S. at 191-92; *Holland*, 621 So. 2d at 375.  Yet he waited 46 days to file it.  Though, unlike the situation in *Pace*, Johnson did not wait an entire year after his claims originally became available or five months to file his § 2254 petition after his state proceedings had ended, Johnson did not make any showing that he diligently pursued his rights outside of his actual Rule 32 proceedings.  *See Pace*, 544 U.S. at 418-19.

Finally, Johnson is not entitled to relief under *Martinez*.  This Court has held that *Martinez* does not apply to equitable tolling and has expressly declined to broaden *Martinez*'s reasoning to *pro se* litigants outside of the narrow exception it provides in the procedural-default context.  *See Chavez*, 742 F.3d at 946; *Thomas*, 739 F.3d at 631.  Further, Johnson's former *pro se* status does not entitle him to equitable tolling, as *pro se* litigants are responsible for knowing and complying with the statute of limitations.  *See Outler*, 485 F.3d at 1282 n.4.  Accordingly, Johnson has not demonstrated that he is entitled to the "extraordinary remedy" of equitable tolling.  *See Arthur*, 452 F.3d at 1252.

*  *  *

The district court did not err when it determined that Johnson was not entitled to equitable tolling because its finding that Johnson did not timely file a

9

notice of appeal of the denial of his state post-conviction motion was not clearly erroneous based on the evidence that Johnson presented.  Additionally, Johnson did not demonstrate reasonable diligence because he did not attempt to protect his rights when it became clear that his state post-conviction appeal would likely be dismissed as untimely and he waited 264 days after his conviction became final to begin his state post-conviction proceedings.

**AFFIRMED.**