[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10873-P
_____

D.C. Docket No. 2:16-cv-01758-LSC-JEO

NATHANIEL WOODS,

Petitioner-Appellant,

versus

WARDEN, HOLMAN CORRECTIONAL FACILITY,
ATTORNEY GENERAL, STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(March 5, 2020)

Before ED CARNES, Chief Judge, WILLIAM PRYOR and ROSENBAUM,
Circuit Judges.

WILLIAM PRYOR, Circuit Judge:

Nathaniel Woods is set to be executed on March 5, 2020, for his 2005

capital-murder convictions for intentionally killing three on-duty police officers. Mere hours before his execution, he filed an emergency motion for appointment of substitute counsel, 18 U.S.C. § 3599(a)(2), and for a limited stay, 28 U.S.C. § 2251(a)(3). We deny the motion.

## I. BACKGROUND

The Alabama Court of Criminal Appeals described the facts leading to Woods's arrest and conviction in its opinion on direct appeal in *Woods v. State*, 13 So. 3d 1 (Ala. Crim. App. 2007) (*Woods I*), and its opinion in the appeal from the denial of Woods's petition for state postconviction relief in *Woods v. State*, 221 So. 3d 1125 (Ala. Crim. App. 2016) (*Woods II*). On June 17, 2004, Birmingham police officers Carlos Owen, Harley A. Chisholm III, Charles R. Bennett, and Michael Collins went to an apartment located on 18th Street in Birmingham, Alabama, to serve a warrant on Nathaniel Woods for assault. *Woods II*, 221 So. 3d at 1130. The evidence at trial proved that after Woods and his codefendant, Kerry Spencer, subjected the officers to a hostile, profanity-laced argument and made threats against them, the officers entered the apartment and attempted to arrest Woods. *Woods I*, 13 So. 3d at 4–10. In the course of the attempted arrest, all four officers were shot, and Officers Owen, Chisholm, and Bennett died from their wounds. *Id.*

The State of Alabama charged Woods with four counts of capital murder. He

2

was charged with three counts of intentionally causing the death of an on-duty police officer, Ala. Code § 13A–5–40(a)(5), and he was charged with causing the death of all three officers through one act, scheme, or course of conduct, *id.* § 13A–5–40(a)(10). *Woods I*, 13 So. 3d at 4. In October 2005, a jury unanimously found Woods guilty on all charges and recommended a sentence of death by a vote of 10 to 2. *Id.* at 4–5. The judge imposed a death sentence. On direct appeal, the Alabama Court of Criminal Appeals affirmed Woods's convictions but remanded for an amended sentencing order that would clarify the trial court's findings regarding nonstatutory mitigating factors. *Id.* at 40. After the trial court entered its amended sentencing order, Woods appealed again, and the Alabama Court of Criminal Appeals affirmed his death sentence on December 21, 2007. *Id.* at 43.

After the Alabama Court of Criminal Appeals ruled against Woods, his counsel on direct appeal, Glennon Threatt, moved to withdraw and failed to file an application for rehearing in the Alabama Court of Criminal Appeals even though doing so is a prerequisite for seeking certiorari review in the Alabama Supreme Court. *See* Ala. R. App. P. 39(c)(1). Threatt also failed to file a petition for a writ of certiorari with the Alabama Supreme Court. As a result, a certificate of judgment was issued on January 9, 2008. *Woods II*, 221 So. 3d at 1130.

On April 29, 2008, Woods filed a motion for an out-of-time appeal in the Alabama Supreme Court, alleging that his direct-appeal counsel never discussed

3

further proceedings with him. The Alabama Supreme Court put the matter on hold until the Alabama Court of Criminal Appeals considered the issue, and on May 9, 2008, Woods filed a motion to withdraw the certificate of judgment to permit filing of an application for rehearing. The Alabama Court of Criminal Appeals denied Woods's motion, and on August 24, 2009, the Alabama Supreme Court denied his motion to pursue an out-of-time appeal. The United States Supreme Court denied certiorari on February 22, 2009. *Woods v. Alabama*, 559 U.S. 942 (2010).

Woods filed a petition for state postconviction relief under Alabama Rule of Criminal Procedure 32 in the Jefferson County circuit court on December 30, 2008, while his motion for an out-of-time appeal was still pending in the Alabama Supreme Court. He also filed a motion to stay and hold his petition under Rule 32 in abeyance pending the decision regarding an out-of-time appeal, which the circuit court granted. After the State filed an answer to Woods's petition, the circuit court summarily dismissed the petition on December 1, 2010. Woods filed a motion for reconsideration, which the circuit court denied.

Woods then filed an appeal from the dismissal of his petition under Rule 32, but the Alabama Court of Criminal Appeals affirmed the circuit court's dismissal on April 29, 2016. *Woods II*, 221 So. 3d at 1152. The Alabama Supreme Court denied certiorari on September 16, 2016, and Woods did not seek a writ of certiorari from the United States Supreme Court.

4

Woods filed a federal petition for a writ of habeas corpus on October 27, 2016, which the district court denied. The district court also denied Woods's motion for a certificate of appealability.

Woods moved for a certificate of appealability in this Court on January 21, 2019. We denied the certificate of appealability on February 22, 2019. *Woods v. Holman*, No. 18-14690-P, 2019 WL 5866719 (11th Cir. Feb. 22, 2019). We concluded that he was not entitled to a certificate of appealability on any of his four claims. He argued that his direct-appeal counsel was ineffective for failing to file an application for rehearing or a petition for a writ of certiorari with the Alabama Supreme Court, that his trial counsel were ineffective at the penalty phase of his trial, that his postconviction counsel were ineffective because they failed to raise claims of ineffectiveness of his trial and direct appeal attorneys, and that his direct-appeal counsel was ineffective because he allegedly labored under an actual conflict of interest and failed to request that the Alabama Court of Appeals conduct meaningful proportionality review of Woods's sentence. The Supreme Court denied Woods's petition for a writ of certiorari on October 7, 2019.

On March 3, 2020, Woods filed an emergency motion for appointment of new counsel, 28 U.S.C. § 3599(a)(2), and a limited stay of execution, 28 U.S.C. § 2251(a)(3), in his closed habeas proceeding in the Northern District of Alabama. Woods contended that he had obtained counsel for a clemency petition, and that

she had uncovered evidence that casts doubt on his convictions and sentence. He also pointed to purported deficiencies or conflicts that plagued his counsel at trial, on appeal, and in each of his collateral proceedings. In the light of this evidence and the alleged deficiencies of his counsel, Woods requested that the court appoint him new counsel to bring additional challenges in federal court, 28 U.S.C. § 3599(a)(2), and grant a limited stay of execution to permit the new counsel to investigate his potential claims. *See* 28 U.S.C. § 2251(a)(3).

On March 3, the district court ruled that it lacked jurisdiction to consider Woods's motion because Woods had already litigated one habeas petition and Woods had not sought and this Court had not granted Woods permission to file a second or successive habeas application. *See* 28 U.S.C. § 2244(b)(3)(A). On March 4, at almost 5:00 p.m., Woods filed a motion to alter or amend the judgment, Fed. R. Civ. P. 59(e), in which he argued that the district court erred in treating his motion as a second or successive habeas application. The district court denied the motion. It ruled that Woods's motion for substitution of counsel failed because "Woods' current federal habeas counsel is adequate representation" and that the court "lacks the authority to appoint counsel under [section] 3599 for an unauthorized second or successive application." It also ruled that Woods's motion for a stay failed because, contrary to the statutory requirements, it would not "have jurisdiction to 'entertain a habeas corpus application'" as Woods had already filed

6

one application and had not received permission from our Court to file a second. In the afternoon on March 5, Woods filed in this Court a motion for appointment of substitute counsel and a stay, *see* 28 U.S.C. § 2251(a)(3).

## II. DISCUSSION

Federal law permits a federal court to stay the execution of a state prisoner who applies for appointment of counsel, 18 U.S.C. § 3599(a)(2), if the court "would have jurisdiction to entertain a habeas corpus application regarding [the prisoner's] sentence." 28 U.S.C. § 2251(a)(3). Woods's entitlement to the appointment of counsel and to the stay depend on equitable considerations, *Martel v. Clair*, 565 U.S. 648, 663 (2012); *In re Holladay*, 331 F.3d 1169, 1176 (11th Cir. 2003), and of course, if Woods is not entitled to the appointment of counsel, he is not entitled to the stay. Woods is not entitled to the appointment of substitute counsel or to the stay.

### A.  Woods Is Not Entitled to Substitution of Counsel.

Woods has not established that he is entitled to appointment of counsel under section 3599. Section 3599 permits the "replace[ment]" of counsel only when the replacement is in "the interests of justice." 18 U.S.C. § 3599(e); *Christeson v. Roper*, 135 S. Ct. 373, 894 (2015) (internal quotation marks omitted). To establish that appointment of substitute counsel is in the interest of justice, we consider the following factors: "the timeliness of the motion; the adequacy of the

7

district court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict)." *Martel*, 565 U.S. at 663.

Woods has failed to establish that appointing new counsel is in the interest of justice. Woods is currently represented by counsel. His current counsel represented him in his initial habeas proceeding and continues to represent him in a separate lawsuit, and Woods has not asserted that his counsel has a conflict of interest that would preclude him from bringing the claims he says his new counsel should bring. *Cf. Christeson*, 135 S. Ct. at 894 ("The court's principal error was its failure to acknowledge [present counsels'] conflict of interest."). Woods asserts that his new counsel "indicated to clemency counsel that he had no intention of pursuing any other actions in Mr. Woods's case when certiorari was denied and the State requested an execution date be set." But his counsel has not so much as "indicated" to this Court that he is seeking to withdraw, and he is statutorily required to continue to represent Woods through "all available post-conviction process." *See* 18 U.S.C. § 3599(e).

The untimeliness of Woods's request also precludes appointment of counsel. "Protecting against abusive delay *is* an interest of justice. Because that is so, courts addressing substitution motions in both capital and non-capital cases routinely

8

consider issues of timeliness." *Martel*, 565 U.S. at 662. Woods filed this motion only hours before his scheduled execution, despite his assertion that he has never been satisfied with his representation and that his clemency counsel discovered this purportedly new evidence in the middle of February.

The Supreme Court has stressed that a district court is not required to appoint substitute counsel "just so [the prisoner] could file a futile motion." *Id.* at 666; *see also Brown v. United States*, 720 F.3d 1316, 1337 (11th Cir. 2013) ("Quite simply, it would have been futile for the district court to have appointed new counsel in this case . . . , and thus the district court did not abuse its discretion in denying [his counsel's] motion to withdraw."). Woods has failed to establish that any motion or petition that his new counsel may file would not be futile—as second or successive, untimely, procedurally defaulted, or meritless. *See Woods v. Holman*, 2019 WL 5866719.

### B. Woods Is Not Entitled to a Stay.

To determine whether Woods is entitled to a stay under section 2251, we consider four factors: "[w]hether the movant has made a showing of likelihood of success on the merits and of irreparable injury if the stay is not granted, whether the stay would substantially harm other parties, and whether granting the stay would serve the public interest." *In re Holladay*, 331 F.3d at 1176 (alteration and internal quotation marks omitted).

9

To establish a substantial likelihood of success on the merits, Woods must identify a "merits-based claim going to the validity of his convictions, death sentence, or imminent execution that would provide a substantial ground on which to grant federal habeas relief." *Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 947 n.5 (11th Cir. 2014). As we previously explained, Woods has not established a substantial likelihood of success on the merits of any future motion or habeas application.

In considering the factors of harm to other parties and the public interest, we must be mindful of a prisoner's unjustified delay in seeking a stay of execution. The Supreme Court has made clear that "[l]ast-minute stays should be the extreme exception, not the norm, and the last-minute nature of an application that could have been brought earlier, or an applicant's attempt at manipulation, may be grounds for denial of a stay." *Bucklew v. Precythe*, 139 S. Ct. 1112, 1134 (2019) (internal quotation marks omitted). For example, the Supreme Court has vacated a grant of a motion to stay filed 10 days before the prisoner's scheduled execution because of the "last-minute nature" of the application. *Dunn v. Ray*, 139 S. Ct. 661 (2019) (mem.) (internal quotation marks omitted).

Woods has utterly failed to justify his extreme delay in filing this motion for a stay. As Woods's first habeas application makes clear, Woods was aware of purported deficiencies with his trial counsel for years. We denied a certificate of

10

appealability to challenge those alleged deficiencies over a year ago, and the Supreme Court declined to review that decision. Even considering the purportedly new evidence that Woods's clemency counsel describes in the affidavit attached to his motion, Woods has still inexcusably delayed because that evidence was largely discovered by mid-February. He has failed to explain why, after learning of this evidence, he waited until two days before his execution to file his motion in the district court, then waited nearly 24 hours to challenge the district court's denial, and only now seeks a motion for a stay in this Court. Woods's abusive delay means that he cannot obtain a stay.

### III. CONCLUSION

We **DENY** the motion for appointment of counsel and for a limited stay.

11