[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12413

Non-Argument Calendar

_____

PAUL LAMONT JOHNSON,

Petitioner-Appellant,

*versus*

WARDEN, RIVERBEND CF,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-04364-SCJ

_____

Before LAGOA, BRASHER, and WILSON, Circuit Judges.

PER CURIAM:

Paul Lamont Johnson, *pro se*, petitioned for habeas relief from multiple state convictions. Because he previously sought habeas relief for the same convictions and did not obtain authorization from this Court to bring a successive petition, the district court dismissed the instant petition. Johnson challenges that decision here. Although he presents arguments for why relief should be granted, he never contests the district court's determination that his petition was successive without authorization. Therefore, we affirm.

## I.

On September 25, 2023, Johnson filed a habeas petition under 29 U.S.C. § 2254. In the petition, Johnson noted that he was convicted in Georgia state court in 2007 of murder, two counts of felony murder, aggravated assault, cocaine possession, possession of a firearm by a convicted felon, and possession of a firearm in the commission of a felony. He appealed those convictions to the Georgia Supreme Court in 2015 and the Baldwin County Superior Court in 2017. According to the petition, he also filed habeas petitions in Baldwin County Superior Court and the Georgia Supreme Court in 2022, and in the United States District Court at some unspecified time.

In the instant petition, Johnson asserted that he had two grounds upon which he was being held unlawfully. First, he had an affirmative defense under "common law rule of confessions and avoidance." He explained this argument was based on newly discovered evidence and that he "contacted the New Life Med data breach" and the IRS—"who is fiduciary to Paul Lumont Johnson"—but otherwise did not exhaust his state remedies. According to Johnson, he did not present this ground before a court because he "didn't believe it was necessary." Second, he said there was a "breach of contract," which he argued before the Baldwin County Superior Court.

The magistrate court recommended that the district court dismiss the petition. According to the magistrate court, Johnson filed a habeas petition challenging the same convictions and sentences in 2019, which was dismissed because Johnson relied on "what is known as the frivolous 'sovereign citizen theory.'" *See United States v. Serling*, 738 F.3d 228, 233 n.1 (11th. Cir. 2013) ("[S]o-called 'sovereign citizens' . . . believe they are not subject to the jurisdiction of the courts and . . . frequently deny that they are the defendants in the action, instead referring to themselves as third-party interveners[.]"). Johnson relied on the same sovereign citizen theory in his instant petition and failed to show that this Court authorized a successive petition. As a result, the magistrate court recommended that the district court dismiss the petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to

consider the application."); *Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 946 (11th Cir. 2014) ("[A] district court has no jurisdiction to consider a claim presented in a second or successive § 2254 petition unless the court of appeals first grants authorization to file such a petition[.]"). The district court adopted the report and recommendation and dismissed Johnson's petition as successive.

On March 3, 2024, Johnson filed a "Final Notice of Default Res Judicata" in which he reiterated his sovereign citizen theory. In particular, Johnson argued that the charging document named his "trust," which is "just a strawman" and "not the flesh-[and]-blood man Paul Lamont Johnson." Or as the district court summarized, Johnson argued that "governments have no authority to detain Petitioner or require him to adhere to their laws." The district court construed the motion as a motion for reconsideration and denied it.

On March 14, Johnson filed a similar motion in which he again argued that "his state court convictions were improperly imposed because . . . a straw-man corporate entity or trust was convicted rather [than] his real corporeal self[.]" Again, the district court denied the motion. It also instructed Johnson that he should address his claims to this Court and seek authorization for a successive petition to the extent he intended to seek relief under section 2254.

On July 4, 2024, Johnson filed a notice of appeal.

## II.

We review *de novo* the district court's denial of a habeas petition under 28 U.S.C. § 2254. *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1316 (11th Cir. 2013). In doing so, we read briefs filed by *pro se* litigants liberally, but issues not briefed on appeal are abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

## III.

In his brief, Johnson largely reiterates his sovereign citizen theory, including that his convictions were unlawful because he is not subject to the jurisdiction of the Georgia courts and that he can determine for himself whether he properly exhausted administrative remedies. He also outlines a theory that he received ineffective assistance of counsel at trial. But he never challenged the district court's conclusion that his habeas petition was successive, nor does he mention the denial of his subsequent motions. "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

## IV.

We **AFFIRM.**